ALANSON SALTMARSH, PLAINTIFF IN ERROR, v. JAMES W. TUTHILL.

In a suit by the indorsee against the indorser of a bill, where the defence was usury, the drawer and drawee were incompetent witnesses, when offered to prove certain facts, which, when taken in conjunction with certain other facts, to be proved by other witnesses, would invalidate the instrument.
Being incompetent witnesses to establish the whole defence, they are also incompetent to establish a part.

THIS case was brought up, by writ of error, from the District Court of the United States for the Middle District of Alabama.

The only question was one of evidence, which is fully explained in the opinion of the court.

It was argued by *Mr. J. A. Campbell* and *Mr. Seward*, for the plaintiff in error, and *Mr. Pryor*, for the defendant in error.

Mr. Justice CATRON delivered the opinion of the court.

Hill drew a thirty days' bill, dated at Mobile, on William Bower & Co., for four thousand dollars, payable to Coleman. It was indorsed by Coleman to Saltmarsh, and by him to James W. Tuthill, who sued Saltmarsh. The parties went to trial on the general issue, and the defence relied on was usury. By the laws

of Alabama, a party to any security for the payment of money, who takes more than after the rate of eight per cent. per annum for the money advanced, is prohibited from recovering any interest, and can have judgment only for the original sum loaned. And this abatement, was the matter in controversy. To prove the usury, Hill, the drawer, and William Bower, one of the drawees, were introduced on behalf of the defendant; and objected to by the plaintiff as incompetent, on the ground that a party to negotiable paper who, by the sanction of his name, gave it credit and currency, could not afterwards, upon his own testimony, invalidate the instrument, by showing that the consideration on which it was executed was illegal. The witnesses were rejected.

Both Hill and Bower were offered to prove facts which, when taken in connection with additional facts, that might be proved by others, would invalidate the instrument in part, by abating the interest. The proof was offered, and only material to establish the defence of usury, this being the sole defence. It must be admitted, that if the party to the bill had been introduced to establish the whole defence, then he was incompetent; and to hold, that he could prove a defence in part, without which piece of evidence no successful defence could be made, would be a mere evasion of the rule, which excludes such witness from giving evidence to impeach the consideration.

No other question is presented to us, nor does any other exist in the record, worthy of notice. It is therefore ordered, that the judgment of the Circuit Court be affirmed.

## Order.

This cause came on to be heard on the transcript of the record, from the District Court of the United States for the Middle District of Alabama, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be, and the same is hereby affirmed with costs and damages, at the rate of six per centum per annum.