CHRISTIAN RHEMKE, Respondent, *v.* JETER CLIN-
TON et al., Appellants.

1. Cannot Raise New Objections in Appellate Court.—When the
assignment of errors in the court below, on motion for a new trial, are
treated as being sufficient without objections, no objection will be consid-
ered for the first time in the appellate court as to the formality of such
assignment.

2. Repeal of Statute—Effect of.—In an action founded upon a
statute to recover treble damages for willful or malicious destruction of prop-
erty, no judgment can be rendered for plaintiff after the repeal of the
statute giving such damages, without a saving cause.

Appeal from the Third Judicial District Court.
The facts appear in the opinion of the court.

*Sheeks & Rawlins,* for appellants.

*R. N. Baskin,* for respondent.

Emerson, J., delivered the opinion of the court:

The plaintiffs brought this action in the court below to
recover treble damages for the willful and malicious destruc-
tion of certain goods and chattels belonging to them, and was
based upon section 102 of an act entitled " An act in relation
to crimes and punishments," approved March 6, 1852.

The section referred to, provided that in case of the willful
and malicious destruction of goods and chattels, the party
guilty thereof, besides being subject to a criminal prosecution,
should be liable to the party injured in a sum equal to three
times the value of the property destroyed, to be recovered
in a civil action.

The complaint alleges that the defendants, upon a day
named, with force and arms, unlawfully, willfully and mali-
ciously, and " contrary to the form of the statute in such case
made and provided," destroyed certain goods and chattels of

Christian Rhemke v. Jeter Clinton et al.

the plaintiffs. In the body of the complaint is a list of the articles destroyed, consisting mostly of liquors of different kinds and brands, with the quantity and value of each. The aggregate amount is stated at $22,589.75, and it is also alleged that each article was of the value set opposite it in the list. The complaint then concludes as follows: "That by reason of the said destruction of the goods and chattels aforesaid, the same were rendered, and thereby then and there became, wholly worthless. That by reason of the premises the said defendants incurred and became liable to the said plaintiffs, in a civil action, for the penalty fixed by the statute in such case made and provided, to-wit: "In a sum equal to three times the value of the goods and chattels, destroyed as aforesaid. That the true and aggregate value of the said goods and chattels was, as aforesaid alleged, the sum of $22,589.75. And that by reason of the premises there is now due and payable, from the said defendants to the said plaintiffs, the sum of $67,769.25, which said sum or any part thereof, the defendants have not paid, though often requested so to do, wherefore, said plaintiffs pray judgment against defendants for the said sum of $67,679.25, together with costs of suit."

Trial by jury and verdict for plaintiffs for $22,054.75. Defendants made a motion for a new trial, which was denied, and an appeal taken to this court.

The respondents claim that the errors assigned are not such as this court can review, because they are not sufficiently set out as a ground of the motion. No question was raised in the court below as to the form or sufficiency of the motion. The statement on the motion contains a stipulation that the said statement may be used upon appeal as well as on motion for new trial, if appeal shall be taken by either party, either from the order granting or refusing a new trial, or from the judgment. This objection, even if there is anything in it, comes too late. It should have been raised in the court below. The parties treated the motion as in all respects formal and sufficient, and are bound by it in this court. Various errors have

Christian Rhemke v. Jeter Clinton et al.

been assigned which it will not be necessary for us to notice, in the view we take of the case.

The action was brought for a penalty, based upon the section of the statute above referred to. In February, 1876, the Territorial Legislature repealed the whole chapter, of which this was one section, and no exception was made in favor of cases then pending. So that at the time of the trial there was no existing statute giving the remedy invoked by the plaintiffs. They so framed their complaint that their right to recover depended entirely upon the statute. Its repeal deprives the court of jurisdiction over the subject matter. No judgment can be rendered in a suit after the repeal of the act under which it was brought and prosecuted. *Norris* v. *Crocker*, 13 How. 229; *Ex parte McCardle*, 7 Wall. 506. As this disposes of the case, it is unnecessary to consider the other errors assigned. The judgment of the court below must be reversed.

It is suggested by my brethren that the plaintiffs have the right to amend. I cannot concur in this, for the reason that any amendment which could be of any avail to them, would be a change of the cause of action, and in my opinion ought not to be allowed. But in order to let that point stand by itself, it is ordered that the judgment of the court below be reversed, and that the cause be remanded, with leave to defendants to move to amend their complaint.

SCHAEFFER, C. J., concurs

BOREMAN, J., dissents.