The CHIEF JUSTICE
 

 delivered the Opinion of the court.
 

 The first question necessarily is that of jurisdiction; for, if the act of March, 1868, takes away the jurisdiction defined by the act of February, 1867, it is useless, if not improper, to enter into any discussion of other questions.
 

 It is quite true, as was argued by the counsel for the petitioner, that the appellate jurisdiction of this court is not derived from acts of Congress. It is, strictly speaking, con
 
 *513
 
 ferred .by the Constitution. But it is conferred “ with such exceptions and under such regulations as Congress shall make.”
 

 It is unnecessary to consider whether, if Congress had made no exceptions and no regulations, this court might not have exercised general appellaté jurisdiction under rules prescribed by itself. For among the earliest acts of the first Congress, at its first session, was the act of September 2ith, 1789, to establish the judicial courts of the United States. That act provided for the organization of this court, aud prescribed regulations for the exercise of its jurisdiction.
 

 The source of that jurisdiction, and the limitations of it by the 'Constitution and by statute, have been on several occasions subjects of, consideration here. In the ease of
 
 Durousseau
 
 v.
 
 The United
 
 States,
 
 *
 
 particularly,.the whole matter was- carefully examined, and the court held, that while “the appellate, power's of this court are n'ot given by the, judicial act, but are given by the Constitution,” they are,' nevertheless, “limited and regulated by that act, and by such other acts as have been passed on the subject.” ,The court said, further, that- the judicial act was an exercise of the power given by the Constitution to Congress “of making exceptions to the appellate jurisdiction of the Supreme Court.” “ They have described affirmatively,” said the court, “its jurisdiction, and'this affirmative description has been understood to imply a negation of the exercise of such appellate power as is not comprehended within it.”
 

 The principle that the affirmation of appellate jurisdiction implies the negation of all such jurisdiction not affirmed having been thus established!, it was an.almost necessary consequence that acts of Congress, providing, for'the exercise of jurisdiction, should come to be • spoken• of as acts granting jurisdiction, aud not as acts making'exceptions to the constitutional grant of it.'
 

 The exception to appellate jurisdiction in the ease’before us, however, is not an inference from the affirmation of other
 
 *514
 
 appellate jurisdiction. It is made in terms. The provision of the act of 1867,'affirming the appellate jurisdiction of this court in cases of
 
 habeas Corpus
 
 is expressly-repealed. It is hardly possible to imagine, a plainer instance of positive exception.
 

 ■We are not at liberty to inquire into the motives of the legislature.. We can only examine into its power under the Constitution; and the power to make exceptions to the appellate jurisdiction-of this court is given by express words.
 

 ’ What, then, is the effect of the repealing act upon the case before us? We cannot doubt as to this. Without' jurisdiction the court cannot-proceed ;at all in any .cause. Jurisdiction is power to declai’e the law, and when it ceases to. exist, the only function remaining to the court is that of announcing the fact and dismissing the cause, lAnd this is not less clear upon authority, than upon principle.
 

 Several cases were cited by the counsel for the petitioner in support of the position that jurisdiction of this cáse is not affected by the repealing act. But none of them, in our judgment, afford any support to it. They are all-eases of the exercise of judicial power by'the legislature, or of legislative interference with courts in the exercising of continuing jurisdiction.
 
 *
 

 On the other hand, the general rule, supported by the best' elementary writers,
 
 †
 
 is, that “ when an act of the legislature is repealed, it must be considered, except as to transactions .past and closed, as if it never existed.” And the effeet.of repealing acts upon suits under acts repealed, has been • determined by the adjudications of this court.' The subject was fully considered in
 
 Norris
 
 v. Crocker,
 
 ‡
 
 and more recently in
 
 Insurance Company
 
 v. Ritchie.
 
 §
 
 In both of these cases, it was held that no judgment could be rendered in a suit after the repeal,of the act under which it was brought ami prosecuted.
 

 
 *515
 
 It is quite clear, therefore, that this court cannot proceed to pronounce judgment in this casé, for it has no longer jurisdiction of the appeal; and judicial duty is not less fitly performed by declining ungraded jurisdiction than in exercising firmly that which the Constitution and the laws confer.
 

 Counsel seem to have supposed, if effect be given to the repealing act in question, that the whole appellate power of the court, in cases of
 
 habeas
 
 corpus, is denied. But this is an error. The act of 1868 does not except from that jurisdiction any cases but appeals from Circuit Courts under the act of 1867. It does not affect' the jurisdiction which was previously exercised.
 
 *
 

 ■ The appeal of the petitioner in this case must be
 

 Dismissed for want-of jurisdiction.
 

 *
 

 6 Cranch, 312; Wiscart
 
 v.
 
 Dauchy, 3 Dallas, 321.
 

 *
 

 Lanier
 
 v.
 
 Gallatas, 13 Louisiana Annual, 175; De Chastellux
 
 v.
 
 Fairchild, 15 Pennsylvania State, 18; The State
 
 v.
 
 Fleming, 7 Humphreys, 152; Lewis
 
 v.
 
 Webb, 3 Greenleaf, 326.
 

 †
 

 Dwarris on Statutes, 538.
 

 ‡
 

 13 Howard, 429.
 

 §
 

 5 Wallace, 541
 

 *
 

 Ex parte McCardle, 6 Wallace, 324.