(Superior Court of Cincinnati—*General Term.*)

McALPIN v. CLARK.

---

*Causes in Special Term of the Superior Court to which the act restoring the General Term Jurisdiction is inapplicable.*

---

1. The act abolishing the General Term of the Superior Court of Cincinnati and constituting the Circuit Court of Hamilton County a court for the review of the final orders and judgments of the Superior Court, applied to cases pending in the Superior Court in which no final order had been made or judgment rendered at the time of the passage of the act.
2. The meaning of a "pending action" as used in section 79, of the Revised Statutes, defined.

(Decided January 29, 1895.)

---

SMITH, J.

The defendant in error began an action against the plaintiff in error on February 22, 1893. A trial was had on June 29, 1894. A motion for a new trial was filed on the same day. On June 30, 1894, a bill of exceptions was allowed and filed. On July 24, 1894, a petition in error was filed in the General Term of this court to reverse the judgment of the court in Special Term.

The defendant in error has filed an answer alleging that the plaintiff in error has also filed a petition in error in the Circuit Court, and therefore asks that the plaintiff in error be compelled to elect as to whether he will proceed in this court, or the Circuit Court, or that the petition in error be dismissed. To this answer the plaintiff replied, admitting the facts alleged in the answer, and alleging that by reason of the legislation of the past few years in regard to proceedings in error from the Special Term of this court, he is in doubt as to whether his remedy in error is in the Circuit Court or the General Term of this court.

For many years prior to April 18, 1893, all judgments and final orders of this court in Special Term were reviewed by proceedings in error in the General Term of the same court. Sec. 499a, Revised Statutes. On the above date, however, an act was passed (90 v., 191) to take effect November 1, 1893, by which it was provided that a judgment or final order, made by the Superior Court of Cincinnati in Special Term, could be reversed, vacated or modified by the Circuit Court having jurisdiction in the coun-

ty wherein said Superior Court was located. And in the same act it was further provided that all cases pending in the General Term of said Superior Court, and all unfinished business therein at the time of the taking effect of this act, should be, and the same were by force of the act, transferred to the Circuit Court of this county.

In other words, the effect of the act was, as commonly expressed, to abolish the General Term of the Superior Court, and to make the Circuit Court the appellate court for review of the judgments and final orders of the Superior Court in Special Term.

The act of April 18, 1893, made no reference to pending actions, causes or proceedings, except those in the General Term as above stated.

On the sixteenth of May, 1894, however, by an act which took effect July 1, 1894, (91 v. 276) the General Term was again restored, and the prior law just referred to, by which a right to prosecute error to the Circuit Court was given, was repealed.

This act, however, contained the following proviso in section 4:

"Provided, however, that said Section 6709a and Section 1 of said act, passed January 30, 1894," (which provided for review of judgments and final orders by the Circuit Court), "shall continue in force in so far as the same affect judgments rendered and final orders made by the Superior Court of Cincinnati at Special Term prior to the taking effect of this act; but this act shall apply to all actions and proceedings which may be pending and undetermined in the Superior Court of Cincinnati at Special Term when this act takes effect."

Applying this proviso to the facts presented here, it is evident that inasmuch as the judgment in this case was had on the thirtieth of June, 1894, the day preceding the taking effect of the latter act, such action having ceased to be a pending action, such latter act, in so far as it provided for a review by the General Term, was inapplicable to the judgment herein. The right to prosecute error from it depended upon the right which plaintiff had by reason of the laws in force at the time the judgment was rendered.

What was the law in force at the time the judgment was rendered? Was it the law of April 18, 1893, which, as we have seen, abolished the General Term and substituted in its place the Circuit Court? Or was that law inapplicable to such an action, because, at the time it was passed, the action was pending, and that act could not, under section 79, be made applicable to pending actions, or, if it could be made so applicable, could only be made so by an express declaration in the act to that effect, which declaration, as we have seen, it did not contain.

It is suggested that it could not affect this case by reason of section 79, and the plaintiff, therefore, could not go to the Circuit Court; and that the General Term being abolished, the only remedy by error from a judgment or final order was by petition in error filed by leave in the Supreme Court, (section 6710,) this being the only appellate court left open to pending actions.

The answers to these inquiries will be found in the true construction of section 79, which, since the revision of the statutes in 1880, has read as follows:

"Section 79. Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings unless so expressed. Nor shall any repeal or amendment affect causes of such action, prosecution or proceeding existing at the time of such amendment for repeal, unless otherwise expressly provided in the amending in amending or repealing act"

The inquiry comes to this : Were cases pending in Special Term, but not in judgment, controlled by the act abolishing the General Term and substituting the Circuit Court as an appellate court, from judgments and final orders in Special Term ; or did the omission to referr to pending cases make the act inapplicable to such cases ?

The word " prosecution " applies to criminal proceedings, and therefore, may be dismissed from consideration in this case.

The word " proceeding " applies to suits in error. But such " proceeding " is not pending until it is begun in the court of error or appeal, which was not the case here, because the judgment was not recovered until after the passage of the act.

The act therefore did not affect any pending prosecution or proceeding, and if it was inapplicable to this case at the time of its passage by reason of the provisions of section 79, it was because the taking away of the right to go to the General Term, and the giving of the right to go to the Circuit Court, " affected " the " pending action " or the " cause of proceeding " by affecting the proceeding in error.

It is urged that a proceeding in error springs from and is subsidiary to and in continuation of the original demand and an assertion thereof; that it is the same action in an advanced stage continued and carried on in the assertion of the same demand between the same parties, and that from the date of the filing of the petition to the final judgment in the Supreme Court, the same action is pending, and that the right to maintain the action involves the right to proceed in error, and is in itself a cause of proceeding in error.

The Supreme Court, however, does not accept such contention as sound, and, although we are entirely justified in this statement as to its position, we are unable to state positively the reasons which have appeared controlling to its mind, because no written opinion has been given out by the court upon the question.

In determining the soundness of this contention, it is necessary, however, to bear in mind two principles :

*First*—That no litigant is, by the constitution, guaranteed a right to proceed in error or appeal.

*Second*—That a proceeding in error is wholly independent of the original action, and not a part of it.

In support of the first principle it is only necessary to refer to the case of *Lafferty* v. *Shinn*, 38 Ohio St. 48, where it is said " that all courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law," is ordained in the constitution (Art. 1, section 16), and it is not within the power of the legislature to abridge the period within which an existing right may be so asserted as that there shall not remain a reasonable time within which an action may be commenced. Cooley Cons. L. (4th Ed.) 456, Const., Art. 2, section 28. But in the right so to appeal to the court, there is not involved a further right to appeal from the judgment of the court to which such application for redress is made. On the contrary, a right of appeal from such judgment exists only where given by statute. (*Conn* v. *Messenger*, 4 Mass. 469.) And such right of appeal, when so given, may be taken away by statute, even as to cases pending on appeal. (*Ex parte McCardle*, 7 Wall. 506.) And the same thing is true with us as to proceedings in error. (*The Marindy* v. *Dowlin*, 4 Ohio St. 509)."

In support of the other principle above referred to, it is to be remembered that a proceeding in error is independent of the original action ; that it is begun by filing a petition, and issuing and service of summons (section 6413) ; and that the party who recovers a judgment complained of, may enforce that judgment, notwithstanding a petition in error is filed ;

(section 6718.) And it is in view of these considerations and others, that the Supreme Court say, that there is a clear distinction "between proceedings in review of a prior judgment, and the general 'action' of the code." (*Robinson* v. *Orr*, 16 Ohio St. 287).

The pending action referred to in section 79, is terminated by a judgment in the court where it is commenced. When the judgment is secured, then if there are statutes in force providing for proceedings in error, the judgment furnishes a " cause of proceeding," which can not be affected by a subsequent statute except by an express declaration to that effect. (*Lafferty* v. *Shinn*, 38 Ohio St. 46.) But where an action has not passed into a judgment, a statute with reference to proceedings in error is a statute with reference to proceedings which may be and can only be begun after the action is terminated. It therefore follows that such statutes do not affect an action pending for judgment below, and with respect to such actions can not be said, in the meaning of section 79, to affect "pending actions."

We have seen that in *Lafferty* v. *Shinn*, the securing of a judgment furnished a "cause of proceeding." But until the judgment is had, there exists no "cause of proceeding" in error on behalf of any litigant. The determination of an action is a pre-requisite to a "cause of proceeding." It it a determination or judgment that is the "cause."

I have previously stated that the Supreme court had decided the question under consideration, but had never written an opinion upon it. The latest case upon the subject is *Smith* v. *Fisher*, 32 W. L. B. 393, an unreported case from Logan county. In that case it was held that:

" The amendment of section 6723, Revised Statutes, reducing the time for commencing error proceedings from two years to six months, applies to cases commenced before the passage of such amendment, but wherein the judgment or final order was entered after the passage of such amended section 6723."

From the foregoing discussion it is apparent that in our opinion the plaintiff had no right to file a petition in error in the General Term of this court, to reverse the judgment of June 30, 1894, and such petition will therefore be dismissed.

And, as the petition will be dismissed, it becomes unnecessary to decide whether the plaintiff shall be compelled to elect whether he will remain in this court or the Circuit Court. By order of this court, his proceedings in error here are now dismissed.

HUNT and MOORE, JJ., concur.

*C. B. Matthews*, for plaintiff in error.

*J. W. Warrington* and *John Boutet*, for defendant in error.