THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PAUL T. GORMAN, Defendant.

City Court of Binghamton, October 25, 1928.

*Herbert H. Ray, First Assistant Corporation Counsel,* for the plaintiff.

*Lee & Carter* [*David Levine* of counsel], for the defendant.

HACKETT, J. The question involved in this case is whether or not subdivision 7 of section 4 of article 2 of the Traffic Ordinances of the City of Binghamton, as adopted by the common council of the city of Binghamton on November 22, 1926, which reads as follows: " The Commissioner of Public Safety is authorized to post by legible signs marked ' Stop ' any street approaching a congested street intersection. On approaching any street intersection so posted all vehicles shall come to a full stop before proceeding across on or into said intersecting street or streets," conflicts with, is contrary to, and inconsistent with subdivision 1-a of section 22 of the General Highway Traffic Law, which reads as follows: " The local authorities in cities and villages of the first class may by ordinance designate certain streets as main arteries of travel and require that all vehicles approaching a main artery of travel from an intersecting street shall, before crossing or turning into the same, come to a full stop unless otherwise directed by a traffic officer or signal. Conspicuous signs or signals shall be displayed at all points where the rule prescribed by such an ordinance is to be observed." (Added by Laws of 1926, chap. 508, in effect May 1, 1926.)

The case was tried before this court on the 4th day of October, 1928, and the facts are practically undisputed. The defendant is charged with having, on the 12th day of September, 1928, passed a stop sign, posted and erected at the intersection of Exchange street and Conklin avenue, without coming to a full and complete stop before proceeding into the intersecting street, which is contended on behalf of the People to be a violation of subdivision 7 of section 4

of article 2 of the Traffic Ordinances of the City of Binghamton. The fact that the word " stop," prior to the 12th day of September, 1928, had been painted upon the pavement on Exchange street, approximately thirty feet from an imaginary line where the crosswalk would be, and that on the curb to the right of this sign was a vertical sign, showing the word " stop " in large letters, and above the word " stop " the word " through," and underneath the word " stop " the word " traffic," is undisputed, as is also the fact that the defendant, on the date in question, passed from Exchange street onto Conklin avenue without coming to a full and complete stop. It is the contention of the defendant herein that the ordinance, as adopted by the common council hereinabove set forth, is illegal and void, for want of power on the part of the common council of the city of Binghamton to pass the same, as said ordinance conflicts with, is contrary to, and inconsistent with subdivision 1-a of section 22 of the General Highway Traffic Law of the State of New York.

The learned counsel for the People advances the theory that subdivision 1-a of section 22 of the General Highway Traffic Law is a permissive statute, in that it gives the city permission to put into effect such regulations in the manner set forth in the statute, if the city so desires, but that it does not compel them to do so in the manner set forth in the statute, and that they have a perfect right to adopt such regulations in another form under the provisions of the supplemental charter of the city of Binghamton. This contention is contradictory to the principle that when the Legislature by statute delegates powers in relation to a certain subject-matter, and states in detail the manner in which it may be done, all other methods are by implication excluded.

" The enumeration of certain powers with respect to a particular subject-matter is a negation of all other analogous powers with respect to the same subject-matter." (*People ex rel. Western Union Telegraph Co.* v. *Public Service Comm.*, 192 App. Div. 748, 754, citing *Ex parte McCardle*, 7 Wall. 506; *Tucker* v. *Alexandroff*, 183 U. S. 424, 436.)

Were the contention of counsel sound that the city has power to enact an ordinance in relation to this same subject-matter in any manner it sees fit, then the purpose of the State statute would be meaningless as every city in the State might adopt different methods all of which might be contradictory to the methods set forth in the State statute.

That subdivision 1-a of section 22 of the General Highway Traffic Law is a permissive statute stands without argument, and any city or village of the first class may or may not designate by ordinance certain streets as main arteries of travel, and require that all vehicles

approaching a main artery of travel from an intersecting street shall, before crossing or turning into the same, come to a full stop, unless otherwise directed by a traffic officer or signal. If, however, a city or village of the first class makes this election, it must comply with the statute in such case made and provided.

The statute last mentioned was passed by the Legislature since the supplemental charter of the city of Binghamton (Laws of 1917, chap. 668) and since the City Home Rule Law (Laws of 1924, chap. 363), and is, therefore, deemed to govern in so far as it is inconsistent with the former law. The difficulty of the position of counsel for the People is the legal principle that, when a statute contains separate provisions, one special and the other general, the latter will not be construed as including the former, but the special statute will be regarded as in the nature of an exception to the general one. (*Wormser* v. *Brown*, 149 N. Y. 163; *Hoey* v. *Gilroy*, 129 id. 132, 138. See, also, *Schieffelin* v. *Craig*, 183 App. Div. 515.)

The contention on the part of the People that the common council of the city of Binghamton could delegate to the commissioner of public safety the authority to designate certain streets as main arteries of travel, is without foundation, as the law specifically provides that cities and villages of the first class may *by ordinance* designate certain streets as main arteries of travel, and the common council of the city of Binghamton, being the only local authority that can pass and adopt an ordinance, it follows that the common council, and that body alone, has power to designate certain streets as main arteries of travel.

It is also contended and pointed out by the learned corporation counsel that the city of Binghamton, both by the supplemental charter of the city of Binghamton and by Laws of 1924, chapter 363 (section 11 of the City Home Rule Law), is given the authority to adopt and amend local laws in relation to the acquisition, care, management and use of its streets and property, and that in the exercise of such powers the local legislative body of a city shall have power to delegate to any local authority by rule, regulation, resolution or ordinance to provide for carrying into effect the provision of any local law, and that the only limitation upon the city in making such rules, regulations and ordinances is that it cannot do so in a manner which the laws of the State of New York specifically prohibit. That that proposition is true, generally, there can be no question; but even that authority does not give the city of Binghamton, its legislative body, or any other local authority, power to pass, enforce or maintain any ordinance, rule or regulation governing traffic in conflict with the law of the State of New York. Subdivision 4 of section 22 of the General Highway Traffic Law provides:

" Local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation in any way in conflict with, contrary to, or inconsistent with the provisions of this chapter, or any general law affecting vehicles which has or hereafter may be enacted, and no such ordinance, rule or regulation of such local authorities now in force or hereafter enacted shall have any force or effect, provided that nothing in this chapter shall impair the validity or effect of any ordinance regulating the speed of motor vehicles heretofore or hereafter made, adopted or prescribed by cities of the first class."

Subdivision 7 of section 4 of article 2 of the Traffic Ordinances of the City of Binghamton to all intents and purposes is in conflict with, contrary to and inconsistent with subdivision 1-a of the General Highway Traffic Law of the State of New York, and, therefore, void, in that the common council of the city of Binghamton was without authority to pass and adopt the same. The complaint herein is, therefore, dismissed.

The question in this case is unique, in that it has never been passed upon by the higher courts, and so far as the court has been able to learn there are no authorities covering the specific question here determined. The court has decided this question as he interprets the sections of the law applicable thereto. However, in view of the fact that the question here involved is of extreme importance, and will come up before the police courts in practically all of the cities and villages of first class throughout the State, where the ordinance as adopted is inconsistent to and does not comply with subdivision 1-a of section 22 of the General Highway Traffic Law, this court would recommend an appeal, in order that the appellate courts would be called upon to rule on the question here involved.