MEMORANDUM
BT THE COURT
This case reaches the court through a congressional reference under section 151 of the Judicial Code. The reference is of a Senate bill, which bill reads as follows:
“A BILL For the relief of Charles F. Bond, receiver of the partnership of Thorp and Bond, on a contract for construction work
“ Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the Secretary of the Treasury be, and he is hereby, author *370 ized and directed to pay to Charles F. Bond, receiver of the copartnership property, assets, and effects of the late firm of Thorp and Bond, of New York, out of any money in the Treasury not otherwise appropriated, the sum of $50,000, for labor and material furnished and damages sustained by the said firm because of the acts of the United States in connection with the construction of the post-office building at Washington, District of Columbia.”
The same case on precisely the same record was before the court under a similar reference in 1904. On March 4, 1915, before any findings of fact were made, the 1904 case was dismissed for want of jurisdiction, the court at the time entering the following order :
“ This case having been submitted on a former day of this term and being yét undetermined, and it appearing that the claim therein mentioned was one for which suit could have been brought in this court and is now barred by the statute of limitations, the jurisdiction of the court to investigate and report the facts has been withdrawn by section 5 of the act of March 4,1915 (omnibus claims bill), the only function remaining to the court is that of announcing the fact and dismissing the cause. (Ex parte McCardle, 7 Wall. 506,514.) The said fact is hereby announced and said case dismissed. {Chase et al., decided May 10, 1915, 50 C. Cls. 293.) (Pet. 15.)”
The case was then allowed to rest until 1927, when the above Senate bill was referred. The plaintiff now insists that the case is one for the payment of a gratuity, is neither legal nor equitable, and that the payment of the amount claimed rests in the discretion of Congress. We think the position taken is untenable. The Crawford Amendment (38 Stat. 996) is as follows:
“ Sec. 5. That from and after the passage and approval of this Act the jurisdiction of the Court of Claims shall not extend to or include any claim against the United States based upon or growing out of the destruction of any property or damage done to any property by the military or naval forces of the United States during the war for the suppression of the rebellion; nor to any claim for stores and supplies taken by or furnished to or for the use of the military or naval forces of the United States, nor to any claim for the value of any use and occupation of any real estate by the military or naval forces of the United States during said *371 war; nor shall said Court of Claims have jurisdiction of any claim which is now barred by the provisions of any law of the United States.”
The case involves a contract to construct the post office in Washington. Whatever findings we might make depends upon the record adduced, upon the stipulations and the construction of the contract between the parties; and the amount of damages suffered is obviously inseparable from contractual relations. The acts of the United States upon which the plaintiff relies were manifestly those which, if sustained by proof, would amount to a breach of the contract. It is difficult to read the bill and arrive at any other conclusion than a distinct purpose to elicit facts growing out of a contract which was not observed in all its details. Congress was by the act transferring from its committee to this court the adjudication of contractual rights. Under these circumstances we can do no more than adhere to our former opinion and dismiss the petition. It is so ordered.