In re OPENING OF A PRIVATE ROAD BETWEEN SHEEP HILL ROAD AND THE PROPERTY OF CHARLES R. MARTIN AND GLORIA A. MARTIN IN THE TOWNSHIP OF EAST EARL, COUNTY OF LANCASTER, COMMONWEALTH OF PENNSYLVANIA.

Appeal of Bradley S. SCHNADER, Walter B. Wunderly, Marian G. Wunderly, Stanley C. Graybill, Cheryl P. Graybill, Shaun A. Seymour, Mary S. Seymour, Frederick C. Erisman, Debra K. Erisman, Edward R. McGarvey, Jr., Dayle M. McGarvey, John Richard Bawell, and Kathleen F. Bawell, Appellants.

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1996.

Decided Feb. 13, 1997.

---

Mark E. Lovett, Lancaster, for appellants.

William J. Cassidy, Jr., Lancaster, for appellees, Charles and Gloria Martin.

James H. Thomas, Lancaster, for appellees, Ralph and Diana Grabill.

James K. Weaver, New Holland, for appellee, New Holland Borough Authority.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

Walter B. Wunderly, Marian G. Wunderly, Stanley C. Graybill, Cheryl P. Graybill, Shaun A. Seymour, Mary S. Seymour, Frederick C. Erisman, Debra K. Erisman, Bradley S. Schnader, Edward R. McGarvey, Jr., Dayle M. McGarvey, John Richard Bawell and Kathleen F. Bawell (collectively, Appellants) appeal the order of the Court of Common Pleas of Lancaster County (Common Pleas Court) which denied a motion to quash and remanded this matter to a Board of View for further hearings concerning the opening of a private road.

On August 25, 1992, the Common Pleas Court appointed a Board of View to consider the petition to open a private road filed by Charles and Gloria Martin (the Martins) pursuant to Section 11 of the Act commonly known as the Private Road Act (Act), Act of June 13, 1836, P.L. 551 *as amended*, 36 P.S. §§ 2731—2891.

By report filed October 6, 1994, the Board of View determined that there was a necessity for a private road from the Martins' land-locked property and that a road ten feet in width along the eastern boundary line of property owned by Ralph and Diana Grabill (the Grabills) running from Brownstone Ridge Drive to the Martins' property was best suited for this purpose; the Common Pleas Court did not confirm the October 6, 1994, report.

By report filed on August 10, 1995, the Board of View amended its initial report to reflect that the private road was to be constructed in accordance with a description prepared by Ranck & Lake Engineers. This amendment widened the proposed road from ten to twenty feet. The Board of View also awarded damages in the amount of $8,750.00 as well as $500.00 in legal fees and engineering expenses to the Grabills.

The Grabills appealed the location and necessity determination as well as the damages assessment to the Common Pleas Court. Thereafter, the Appellants filed a motion to quash the Grabills' appeal insofar as it related to the location of the proposed private road. The Common Pleas Court issued the following order:

> AND NOW, this 13th day of March, 1996, after a review of this case and after hearing arguments from counsel on the motion to quash the appeal of Ralph and Diana Grabill, it is hereby ORDERED that the motion to quash is denied.
>
> This matter is remanded to Board of View to make specific findings as to whether a private road is necessary and as to the location, width and distance of the said private road. In the event that a road is found necessary and a location is determined, the Board of View shall, in a second hearing, consider the question of damages.

On August 26, 1996, this Court considered the appealability of the Common Pleas Court's order and decided, pursuant to Pa. R.A.P. 311(f)(2), to treat it as a final order to insure that the issue presented in this matter would not "ultimately evade appellate review...." We now reverse this order and dismiss the present matter for the following reasons.

Subsequent to confirming the appealability of the Common Pleas Court's order, this

Court filed *In re Brinker*, 683 A.2d 966 (Pa. Cmwlth.1996). In *Brinker*, we interpreted the very same statutory provisions in effect when the Common Pleas Court appointed the Board of View to consider the Martin's petition to open a private road to prevent their property from being landlocked.[1] As a result, *Brinker* sets forth the appropriate procedure for opening the Martin's private road:

> The process to lay out a private road begins with Section 11 of the Act, 36 P.S. § 2731, which provides in pertinent part:
>
>> The several courts of quarter session shall, in open court as aforesaid, upon the petition of one or more persons … for a road from their respective lands or leaseholds to a highway or place of necessary public resort … direct a view to be had of the place where such a road is requested, and a report thereof to be made, in the same manner as directed by the said act of thirteenth June, one thousand eight hundred and thirty-six.
>
> After a view is held wherein the Board physically views the premises and, if necessary, holds hearings, the Board issues a report determining whether or not a private road is necessary. The report is then filed with the court which had directed the view and that court may confirm the report, or reject it and direct a review.
>
> . . . .
>
> Following confirmation *nisi*, according to *Section* 16 of the Act [36 P.S. § 2736]:
>
>> [t]he damages sustained by the owners of the land through which any private road may pass shall be estimated in the manner provided in the case of a public road, and shall be paid by the persons … at whose request the road was granted or laid out: Provided, That [sic] no such road shall be opened before the damages shall be fully paid.
>
> The initial proceedings to open (*i.e.*, condemn) private roads and subsequent proceedings to assess damages for the taking are distinct and require separate analyses. Prior to 1969, proceedings to open a private road and proceedings to assess damages were both held in the Court of Quarter Sessions following a report of a Board of View. If a party was dissatisfied with the report of the Board, including the damages awarded by the Board, he or she was permitted to file exceptions … in the Court of Quarter Sessions. If the party wanted to appeal from the Board's award of damages and have his damages determined by a jury, however, that party was required to file an appeal in Common Pleas. Because the Courts of Quarter Sessions and Common Pleas were consolidated into one trial court in 1969, obviously, a dissatisfied party must now challenge both the necessity for the road and the damage assessment by petitioning Common Pleas.
>
> The bifurcated nature of the process, however, continues. Specifically, Common Pleas is required to determine all legal issues relating to the 'necessity' of the taking of another's land for private use before the damages to be paid can be assessed.
>
> . . . .
>
> [W]hether a party files 'exceptions' to a Board's report finding necessity for a private road or an 'appeal' from a Board's assessment of damages for the same, it is clear that Common Pleas acts solely in an appellate capacity. Further, in contrast to an eminent domain case, in a private road proceeding, the Board's report, itself, has no effect unless and until Common Pleas enters an order confirming it. Accordingly, we hold that in a private road case, the 'order appealed from' is the Court's order confirming *nisi* the Board's report; thus, a party wishing to challenge the report must file exceptions regarding the Board's finding of necessity and/or an appeal of the Board's assessment of damages, with Common Pleas. . . . (Emphasis, citations and footnotes omitted.)

*Brinker*, 683 A.2d at 969, 971.

In the present matter, the Board of View filed an initial report with the Common Pleas Court stating that a private road from the Martins' landlocked property was necessary.

---

1. We note that the provisions were enacted in 1836, and remained virtually untouched by our General Assembly; the language is dated and obscure. Nevertheless, these provisions describe the procedure for opening a private road in Pennsylvania.

The Board of View also determined that the road would be ten feet in width and located on the Grabill's property. The Board of View then filed a second report assessing damages and widening the proposed road from ten to twenty feet. The Common Pleas Court permitted the Grabills to appeal the second report. The Common Pleas Court did not address the necessity of the private road, the amount of damages nor dispose of any claims of the parties. Rather, the Common Pleas Court remanded the matter for the Board of View to reconsider the necessity of the private road without prejudice and determine location and damages if required. The Board of View's reports never became effective via confirmation *nisi.* The Common Pleas Court's remand order was interlocutory which may not be appealed either as a final order under Pa.R.A.P. 341(b)(1) or as an interlocutory order which may be appealed as of right under Pa.R.A.P. 311(f).

When a court discovers that it lacks jurisdiction over a cause of action it must dismiss the matter. *Hughes v. Pennsylvania State Police,* 152 Pa.Cmwlth. 409, 619 A.2d 390. This Court shall not confer jurisdiction where jurisdiction is non-existent even if the Court entered a contrary order in the same case. *Id.* "Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is announcing the fact and dismissing the cause." *Ex Parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

Accordingly, we dismiss the present matter.

## ORDER

AND NOW, this 13th day of February, 1997, the above-captioned matter is dismissed.