**Michael B. ROSS, by his next friend, Gerard A. Smyth, in his official capacity as Chief Public Defender, Office of the Chief Public Defender, Petitioner,**

**Theresa C. LANTZ, Commissioner, Connecticut Department of Corrections; Wayne C. Choinski, Warden, Northern Correctional Institution, Respondents.**

**Docket No. 05-8900.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 25, 2005.

Decided: Jan. 25, 2005.

---

Hubert J. Santos, Esq., Santos & Seeley, Patrick J. Culligan, Esq., State of Connecticut, Office of the Chief Public Defender, Hartford, CT, for Petitioners–Appellees.

Kevin T. Kane, Esq., State Attorney's Office, District of New London, New London, CT, Jo Anne Sulik, Esq., Harry David Weller, Esq., Chief State Attorney's Office, Civil Litigation Bureau, Michael E. O'Hare, Esq., Chief State Attorney's Office, Appellate Bureau, Rocky Hill, CT, for Respondents–Appellants.

Before: SACK, KATZMANN, and HALL, Circuit Judges.

PER CURIAM.

The motion to vacate the stay of execution is denied and the appeal is dismissed.

The first issue before the district court was whether Gerard A. Smyth, who brought the application for habeas corpus, had standing to bring it and whether the district court therefore had jurisdiction to hear the habeas application. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868) (internal quotation marks omitted)). The court has jurisdiction, then, only if Michael Ross, who did not make the application, was properly represented by Smyth, as "next friend," who did make the application. *See Whitmore v. Arkansas,* 495 U.S. 149, 154, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) ("It is well established ... that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

Put another way, the controlling statute provides that an application for habeas corpus relief "shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf.*" 28 U.S.C. § 2242 (emphasis supplied). At the outset, then, the question for the district court was whether Smyth, who filed the application purporting to be Ross's "next friend," is in fact acting "in his behalf."

The Supreme Court stated in *Whitmore:*

Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

495 U.S. at 163–64, 110 S.Ct. 1717 (citations omitted). "The burden is on the 'next friend,'" the Supreme Court continued, "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164, 110 S.Ct. 1717.

■ We conclude that, in the context of the case before us, the district court must establish that Smyth was properly acting as Ross's next friend. We do not have a basis adequately to review, and therefore to disagree with, the district court's conclusion that there was, in the language of *Whitmore*, "meaningful evidence [before it] that [Ross] was suffering from a mental disease, disorder, or defect that substantially affected his capacity to make an intelligent decision." *Id.* at 166, 110 S.Ct. 1717; *accord Demosthenes v. Baal*, 495 U.S. 731, 736, 110 S.Ct. 2223, 109 L.Ed.2d 762 (1990). Such evidence is a basis upon which the district court may decide, for purposes of establishing Smyth's "next friend" standing and the court's own jurisdiction, that Ross is in fact not competent to forgo his right to bring habeas corpus proceedings. It was premature for the district court to determine "next friend" standing in the absence

of the proceedings it has now ordered. We thus conclude that such proceedings on Ross's competence are appropriate as part of the district court's effort properly to decide the issues of standing and jurisdiction. "[W]henever a capital defendant desires to terminate further proceedings, . . . a hearing [on mental competency] will obviously bear on whether the defendant is able to proceed on his own behalf." *Whitmore*, 495 U.S. at 165, 110 S.Ct. 1717. We therefore deny the motion to vacate the stay of execution and we dismiss this appeal because, until there is an adequate record upon which the district court can determine whether or not Smyth has standing to bring this proceeding and the court therefore has jurisdiction over it, we are not in a position to review any such determination. We urge the district court to conduct such proceedings as expeditiously as is reasonably practicable.

For the benefit of the court and the parties, we note that, at least pending further developments, it is our understanding that if the district court determines, in accordance with this order, that Ross is competent for these purposes and that, under applicable law, his decision to forgo his right to bring these proceedings is voluntary, the application for habeas corpus will be dismissed. We also understand that if the district court determines, to the contrary, that Smyth is properly appearing in these proceedings as Ross's "next friend," the court will then decide the habeas petition on its merits, presumably bound by 28 U.S.C. § 2254(d), which provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

## CONCLUSION

For the foregoing reasons, the motion to vacate the stay of execution is denied and the appeal is dismissed.