Carol **CALVAGNO**, and Anthony **Calvagno, Plaintiffs,**

v.

Deborah **BISBAL, First Franklin Financial Companies, Inc., John and Jane Does 1–15, representing as yet unknown and unidentified employees of First Franklin Financial Companies, Inc. (all individually and in their official capacities as employees of First Franklin Financial Companies, Inc.), Southern Star Mortgage Company, John and Jane Does 16–30, rep-**

resenting as yet unknown and unidentified employees of Southern Star Mortgage Company (all individually and in their official capacities as employees of Southern Star Mortgage Company), Mitchell Sims, Scott Sims, Gary Shusterhoff, Tina Fellows, Tracy Gillan, Gastwirth, Mirsky & Stein, LLP, John and Jane Does 31–45, representing as yet unknown and unidentified employees of Gastwirth, Mirsky & Stein, LLP (all individually and in their official capacities as employees of Gastwirth, Mirsky & Stein, LLP), Realty Reports, John and Jane Does 46–60, representing as yet unknown and unidentified employees of Realty Reports (all individually and in their official capacities as employees of Realty Reports), Defendants.

No. 06–cv–02020 (ADS)(ETB).

United States District Court,
E.D. New York.

May 15, 2006.

Majid & Associates, P.C. by Arshad Majid, Esq., Hauppauge, NY, for Plaintiffs.

Borda, Kennedy, Alsen & Gold, LLP by Michael Kennedy, Esq., Bay Shore, NY, for Defendant Deborah Bisabal.

No Appearance for All Remaining Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Currently pending before the Court is an application by the plaintiffs Carol Calvagno and Anthony Calvagno (the "Plain-

tiffs") for a temporary restraining order and preliminary injunction against the defendant Deborah Bisbal ("Bisbal") enjoining her from proceeding with eviction proceedings against the plaintiff in the Landlord/Tenant part of the Suffolk County District Court or any other state court until a final disposition of the case in this Court.

## I. BACKGROUND

The Plaintiffs currently reside at 2 Smith Street, Deer Park, New York. They describe it as their "home of three generations" and maintain that they are the equitable owners of the property. The Plaintiffs claim that on May 22, 2003, they were defrauded of the title to their home by certain defendants, namely, mortgage broker Mitchell Sims, who was employed by defendant Southern Star Mortgage and who fraudulently induced the Plaintiffs to transfer title to the property to certain other defendants, including his brother Scott Sims and another employee named Tina Fellows. Thereafter, a mortgage was issued in the amount of $205,000 by defendant First Franklin Financial, Inc. Scott Sims and Tracy Gillan were listed as the mortgagors.

It is alleged that Mitchell Sims entered into a landlord tenant relationship with the Plaintiffs, and he agreed to allow them to repurchase their home within two years if their monthly rent payments were timely. It is further alleged that he then stole more than $50,000 of the proceeds of this transaction. After six months, the Plaintiffs learned that despite their regular payments, no payments were made on the mortgage note to First Franklin Financial, and the mortgage was foreclosed by the bank.

The Plaintiffs further contend that Mitchell Sims and Tina Fellows were prosecuted by the Suffolk County District Attorney, and they pled guilty to felony charges for their fraudulent actions and are currently awaiting sentencing. Allegedly, as a condition of the guilty plea, the title to the property was to be deeded back to the Plaintiffs. The District Attorney had attached the Plaintiffs property, but lifted the attachment upon application by First Franklin Financial so that the property could be sold at a foreclosure auction. It is also asserted that the District Attorney represented that the victims of the fraud would receive restitution in the form of money from the defendants Mitchell Sims and Tina Fellows.

It is further alleged by the Plaintiffs that Bisbal purchased the property at the foreclosure auction even though she was notified by the Plaintiffs about the fraud. On April 5, 2006, Bisbal initiated a proceeding in the Landlord Tenant part of Suffolk County District Court to evict the Plaintiffs from the residence. On May 2, 2006 Bisbal withdrew the proceeding without prejudice. However, Bisbal has since served a notice to quit the premises on the Plaintiffs. With reasonable certainty, it is anticipated that Bisbal will shortly file another petition to evict the Plaintiffs.

The Plaintiffs commenced this action on May 2, 2006, by filing an order to show cause. No complaint has been filed. The Plaintiffs request that the defendant be enjoined from proceeding with eviction proceedings against the Plaintiffs in the Landlord/Tenant part of the Suffolk County District Court or any other state court until a final disposition of the case in this Court.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

■■■ Initially, the Court must determine if it has subject matter jurisdiction over this case. "The first question neces-

sarily is that of jurisdiction." *Ex parte McCardle*, 74 U.S. 506, 512, 7 Wall. 506, 19 L.Ed. 264 (1869). The federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). The New York State supreme courts are courts of general jurisdiction, and the presumption is that they have subject matter jurisdiction over a particular controversy unless a showing is made to the contrary. On the other hand, the federal courts are only empowered to hear cases specifically authorized by the Constitution or statute. *Id.* As such, "it would not simply be wrong but indeed would be an unconstitutional invasion of the powers reserved to the states if the federal courts were to entertain cases not within their jurisdiction. . . ." 13 Fed. Prac. & Proc. Juris.2d § 3522.

■ The Plaintiffs have asserted several grounds, including both federal question and diversity jurisdiction. Initially, the Court finds that the Plaintiffs assertion of diversity jurisdiction is without merit. "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). The Plaintiffs reside in New York, and although some of the defendants are non-residents, Bisbal also resides in this state. Therefore, it does not appear that all of the defendants are non-residents to satisfy the complete diversity rule.

■ As for federal question, the Plaintiffs first rely on the National Banking Act, citing 12 U.S.C. § 94. The Plaintiffs allege that defendant First Franklin Financial, Inc., is a subsidiary of National City Bank of Indiana, a banking institution issued Charter Number 869 by the Officer of the Currency of the United States Department of Treasury. The Plaintiffs further argue that this Court has jurisdiction over the action because the bank operates pursuant to the National Banking Act and violated numerous state and federal regulations.

Title 12 U.S.C. § 94 states

Any action or proceeding against a national banking association for which the Federal Deposit Insurance Corporation has been appointed receiver, or against the Federal Deposit Insurance Corporation as receiver of such association, shall be brought in the district or territorial court of the United States held within the district in which that association's principal place of business is located. . . .

*Id.*

This section of the National Banking Act appears, on its face, to be inapplicable to this case simply because the Federal Deposit Insurance Corporation has not been appointed receiver. In addition, federal statutes direct that actions against national banks are governed by 28 U.S.C. §§ 1348 and 1349.

Section 1349 appears to positively prohibit the Plaintiffs jurisdictional theory by stating that district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

Section 1348 is also inapplicable to the Plaintiffs case, it involves affirmative grants of jurisdiction over actions by and against national banks in certain limited circumstances. These circumstances include civil actions commenced by the United States against any national banking association, or any civil action to wind up

the affairs of any such association, and any action by a banking association seeking to enjoin the Comptroller of the Currency.

Thus, except for certain types of litigation, national banks are placed on a footing similar to that of other corporations and are treated as citizens of the states in which they are located. They may sue or be sued in federal court on the basis of diversity or on the basis of a federal question other than that they have a federal charter. *See* Charles A. Wright & Arthur R. Miller, 13B Fed. Prac. & Proc. Juris.2d § 3571 (2006). These statutes afford no federal jurisdiction to the Plaintiffs.

■ Finally, the Plaintiffs claim that this Court has subject matter jurisdiction under the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. § 2601. RESPA was enacted to enable consumers to better understand the home purchase and settlement process and, where possible, to bring about a reduction in settlement costs. *Id.* RESPA prohibits, among other things, fees and kickbacks for referrals involving a federally related mortgage loan. 12 U.S.C. § 2607. Title 28 U.S.C. § 2614 authorizes an action, pursuant to the provisions of § 2607, to be brought in the federal district court or in any other court of competent jurisdiction in which the property involved is located, or where the violation is alleged to have occurred, within one year from the date of the occurrence of the violation.

This section appears to be a valid basis for federal question jurisdiction. Although the acts that allegedly violated this act occurred in May of 2003, and thus appear to be beyond the one year statute of limitations contained in the statute, this is an affirmative defense that goes to the merits of the case, and does not divest the Court of subject matter jurisdiction. Accordingly, the Court turns to the merits of the Plaintiffs' application.

## B. As to The Plaintiffs' Request for a Preliminary Injunction

■ It is well-settled in the Second Circuit that in order to obtain a preliminary injunction, a plaintiff must show: (1) irreparable harm; and (2) either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in the plaintiff's favor. *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979); *see also LaForest v. Former Clean Air Holding Co., Inc.,* 376 F.3d 48, 54 (2d Cir.2004); *Blum v. Schlegel,* 18 F.3d 1005, 1010 (2d Cir.1994).

Here, the only issue is whether there is a likelihood of success or a sufficiently serious questions going to the merits. The Plaintiffs are in imminent danger of being evicted by Bisbal, who owns the property allegedly as an investment and not as a residence. Clearly, the Plaintiffs will suffer irreparable harm by losing their only residence and the balance of hardships tips decidedly in their favor.

■ With regard to the final factor, the Court finds that there are sufficiently serious questions going to the merits. The Plaintiffs have alleged a widespread fraud perpetrated by not only the mortgage brokers that were convicted, but also by the banks and other mortgage and real estate entities that had a hand in the suspect transaction. These acts also may have violated federal law under RESPA. Although the defendants have an affirmative defense to assert in the form of the statute of limitations, it may very well be subject to estoppel or equitable tolling. These matters await further motions and consideration.

In addition, the Court notes that, although it appears that Bisbal did not participate in the fraudulent transactions, it is

alleged that she was informed of these serious issues that surrounded the property. If so, Bisbal was aware that title to the property may not be clear and of the possibility that there would be claims against her title. Therefore, she may not be a bona fide or good faith purchaser of the property.

Accordingly, the Court finds that the Plaintiff is entitled to a preliminary injunction presently barring their eviction. However, the Court imposes certain conditions on the issuance of the injunction. Rule 65(c) of the Federal Rules of Civil Procedure commands:

No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

Fed.R.Civ.P. 65(c). Thus, Rule 65 "allows a preliminary injunction to become effective only upon the applicant's positing of an amount that the district court determines adequate." *Corning Inc. v. PicVue Elecs., Ltd.*, 365 F.3d 156, 158 (2d Cir. 2004).

Here, it appears that the Plaintiffs have been living in the subject premises without making mortgage payments, without paying taxes, and in fact living in the premises rent-free for a number of years. This unfair situation cannot continue.

Accordingly, the Plaintiffs are required to post an undertaking as security in the form of a bond in the amount of $50,000 to cover the possible costs and damages that may be incurred by Bisbal as a result of the granting of this preliminary injunction. This undertaking should be filed within twenty days of the date of this order. In addition, the Plaintiffs are directed to make monthly rental payments to Bisbal in the amount of $2000 for their reasonable use and occupancy of the premises. These rental payments should commence on June 1, 2006. If there is no timely filing of the bond or if the monthly payment is not made within ten days of the due date, the defendant Bisbal is permitted to return to the Court and make an application to vacate this preliminary injunction.

In addition, the Plaintiffs are directed to file a complaint in this action within ten days from the date of this order. If the Plaintiffs fail to file within ten days, the Court will entertain a motion from Bisbal to vacate the preliminary injunction and to dismiss the case.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the application by the Plaintiffs for a preliminary injunction is GRANTED as follows:

1. The defendant Deborah Bisbal is hereby enjoined from taking any action to evict Carol Calvagno and Anthony Calvagno until either a final disposition of the case in this Court, or an order by this Court vacating the preliminary injunction;

2. This preliminary injunction is subject to the filing by Carol Calvagno and Anthony Calvagno of a bond in the amount of $50,000 for the benefit of Deborah Bisbal to cover any costs or damages incurred by the issuance of this preliminary injunction, and monthly payments to Bisbal, commencing on June 1, 2006, in the amount of $2000 for their reasonable use and occupancy of the premises.

3. This injunction is to be effective until the disposition of this case on the merits, or until a later date to be deter-

mined by the Court after an application to vacate the injunction.

**SO ORDERED.**