KETHLEDGE, Circuit Judge,
concurring in part and concurring in the judgment.
I believe we must determine whether we have Article III jurisdiction with respect to the Hotels’ claims under the Ohio Declaratory Judgment Act before proceeding to decide any question of state law with respect to them. “ ‘Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.’ ” Steel v. Citizens for a Better Env’t, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (emphasis added) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)). I think the Hotels plainly lack Article III standing with respect to their Ohio declaratory-judgment claims; and that, in my view, should be the end of the matter.
The majority proceeds instead with a rather extended analysis of the question whether Ohio law permits the Hotels to *16 assert their declaratory-judgment claims. With due respect, I think that analysis lies beyond our powers under Article III. There is no Supreme Court precedent, to my knowledge, that permits us to address questions of purely state law as to claims over which we lack Article III jurisdiction. Steel says as much directly, and nothing in Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999), is to the contrary.
The majority cites Ruhrgas for the proposition that there is no mandatory “sequencing of jurisdictional issues.” Id. at 584, 119 S.Ct. 1563. That was true enough in the unusual circumstances presented there, but those circumstances are very different from the ones here. First, and most important, the Court specifically noted that there was no defect in Article III jurisdiction in Ruhrgas; the question as to subject-matter jurisdiction, the Court was careful to point out, was whether “the complete diversity required by 28 U.S.C. § 1332, but not by Article III, is absent.” Id. at 584, 119 S.Ct. 1563 (emphasis added; citations omitted). Ruhrgas therefore affords federal courts no license to decide issues to which the “[t]he judicial power of the United States” does not extend. U.S. Const, art. Ill, § 1.
Second, both of the jurisdictional grounds at issue in Ruhrgas (namely, subject-matter jurisdiction and personal jurisdiction) depended on federal rather than state law. Moreover, the personal-jurisdiction ground that the Court said could be reached first was, unlike the subject-matter one, constitutional in nature. See 526 U.S. at 584, 119 S.Ct. 1563 (“Ruhrgas relies on the constitutional safeguard of due process to stop the court from proceeding to the merits of the case”); see also id. (“ ‘The requirement that a court have personal jurisdiction flows ... from the Due Process Clause’ ”) (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (alteration in original)). Ruhrgas, therefore, was a case in which there was no defect in the courts’ Article III power, and in which the Supreme Court held that, as between two federal jurisdictional issues, the district court did not abuse its discretion in reaching the constitutional one first. That holding does not permit us to decide issues of Ohio law in the absence of judicial power under Article III.
To say that a federal court lacks power under Article III is to say that it lacks any power at all. I believe we lack power under Article III with respect to the Hotels’ state-law claims for declaratory relief, and thus I respectfully concur only in the judgment as to those claims. I fully concur, however, in the majority’s analysis of the Hotels’ federal-law claims.