NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4281
_____

AURUM ASSET MANAGERS, LLC, AS ASSIGNEE OF THE REINSURANCE
ASSET OF EVERGREEN NATIONAL INDEMNITY COMPANY, AS SUCCESSOR-
IN-INTEREST TO SUMMIT FIDELITY & SURETY COMPANY,

Appellant

v.

BRADESCO COMPANHIA DE SEGUROS; BANCO DO ESTADO DO RIO
GRANDE DO SUL; COMPANHIA UNIÃO DE SEGUROS GERAIS

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(Civil Action No. 2:08-mc-00102)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a),
July 14, 2011

BEFORE:  SLOVITER, FUENTES and FISHER, *Circuit Judges*

(Opinion Filed: August 15, 2011)
_____

OPINION OF THE COURT
_____

FUENTES, *Circuit Judge*.

The question presented in this appeal is whether the District Court applied the correct standard when it vacated an order confirming an arbitration award. The Appellant, Aurum Asset Managers ("Aurum"), argues that such an order can be vacated only if the District Court's confirmation of an arbitration award constitutes an "egregious" "clear usurpation of power." We disagree. Such a standard is inapplicable in this case. Rule 60(b)(4) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding [if[ . . . the judgment is void." We have previously stated that "a judgment may indeed by void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties entered a decree which is not within the powers granted to it by the law." *Marshall v. Bd. of Educ.*, 575 F.2d 417, 422 (3d Cir. 1978) (internal quotations omitted). We therefore affirm the District Court's order vacating the arbitration award due to a lack of jurisdiction.

I.

The underlying dispute in this case concerns monies due under a reinsurance agreement. Appellee, Banco Do Estado Do Rio Grande Do Sul ("Banrisul"), is a state-owned Brazilian financial company that once owned a majority stake in Companhia União de Seguros Gerais ("União"), a reinsurance company. União participated in the Groupo de Empresas Seguradoras Brasileiras reinsurance pool ("GESB Pool"), which entered into an agreement with Summit Fidelity. Under that agreement, Summit received

2

periodic payments from União. The agreement contained an arbitration provision. Sometime after 1981, União stopped making payments.

In 1997 Banrisul sold to Bradesco Companhia de Seguros ("Bradesco") all of its stock in União. Under the terms of the sale, Banrisul retained responsibility for União's GESB Pool obligations. In 2006, Aurum acquired the rights to the GESB Pool payments from Evergreen National Indemnity Company, a successor to Summit Fidelity. It then made various attempts to contact União and Bradesco to receive the sums it believed it was owed as part of the GESB Pool and was eventually informed that Banrisul was responsible for payment.

After failing to elicit a response from Banrisul, in January 2007, Aurum submitted a demand for arbitration, claiming $56,230 in unmade payments and $103,328 in prejudgment interest. Banrisul failed to appear at the arbitration and, in an award issued on October 11, 2007, the arbitration panel found that it was responsible to Aurum for a total of $163,523.

Aurum then filed a petition to confirm the arbitration award in the United States District Court for the Eastern District of Pennsylvania. Banrisul did not enter an appearance. On June 24, 2008, the District Court, acting through Judge Gene E.K. Pratter, entered an order confirming the arbitration award. Almost a year later, on June 23, 2009, Banrisul filed a Motion to Vacate Default Judgment and Stay Enforcement Thereof. The District Court, this time acting through Judge Thomas M. Golden, on July 16, 2009 entered an order staying enforcement pending a review of the motion to vacate.

3

When Judge Golden passed away, the case was reassigned to Judge Mary A. McLaughlin.

In a written opinion, Judge McLaughlin observed that no default judgment had ever been entered and that she would therefore consider Banrisul's motion as one for relief under Federal Rule of Civil Procedure 60(b)(4). *Aurum Asset Managers v. Banco Do Estado Do Rio Grande Do Sul*, No. 08-102, 2010 WL 4027382, *2 (E.D. Pa. 2010). Reviewing the original order *de novo*, she then determined that the order confirming the arbitration award was void because the District Court lacked jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). The District Court reasoned that Banrisul was a state-owned "agency or instrumentality" that retained immunity under the FSIA because it had not engaged in commercial activity in the United States and was not a party to an arbitration agreement. *Id.* at *3-7.

Aurum filed a timely appeal. The District Court's jurisdiction is contested and the subject of this appeal. If jurisdiction exists, it is pursuant to 28 U.S.C. § 1330(a), which provides subject matter jurisdiction over suits against foreign states.

II.

On appeal, Aurum argues that Judge McLaughlin erred by failing to defer to Judge Pratter's original judgment confirming the arbitration award. In its view, a final order confirming arbitration award can only be vacated under Rule 60(b)(4) if the original assumption of jurisdiction is an "egregious" error constituting a "clear usurpation of power." Whether this standard applies to rulings made pursuant to Rule 60(b)(4) is a

4

pure question of law over which we exercise plenary review. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 & n.5 (3d Cir. 2008).

Rule 60(b)(4) states that "[o]n motion and upon just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void . . . ." A judgment may be void if the Court that enters it lacks jurisdiction. *See Marshall*, 575 F.2d at 422. "A judgment is not void . . . simply because it is or may have been erroneous." *United States Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1377 (2010) (internal quotation marks and citation omitted). Rule 60(b)(4) applies only in the "rare instance" that there is a jurisdictional error or a violation of Due Process that deprives a party on notice of its opportunity to be heard. *Id.* And even if there is a jurisdictional error, we have concluded that a judgment is void only in the "rare instance of a clear usurpation of power." *Marshall*, 575 F.2d at 422 n.19; *Espinosa*, 130 S. Ct. at 1377 (recognizing that this is the general rule).

We conclude the District Court erred when it confirmed the arbitration award under circumstances in which the court did not assure itself that it had jurisdiction to hear the matter. Ruling otherwise would contradict the principle that jurisdiction is a fundamental pre-requisite to the exercise of judicial power. *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869) ("Without jurisdiction the court cannot proceed at all in any cause."); *Galpin v. Page*, 85 U.S. (18 Wall.) 350, 373 (1873) ("Judgment without jurisdiction is unavailing for any purpose."). In accordance with this principle, defendants who believe that the courts lack jurisdiction are "always free to ignore the

5

judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Budget Blinds*, 536 F.3d at 259 (quoting *On Track Transp., Inc. v. Lakeside Warehouse Trucking, Inc.*, 245 F.R.D. 213, 221 (E.D. Pa. 2007) (citing *Insurance Corp. of Ireland, Ltd. v. Campagnie des Bauxites de Guinee*, 456 U.S. 694, 706 (1982))); *see also* Restatement (Second) of Judgments, § 65 cmt. b. ("When the person knew about the action but perceived that the court lacked territorial or subject matter jurisdiction, he is given a right to ignore the proceeding at his own risk but to suffer no detriment if his assessment proves correct."). And yet, if the "clear usurpation" standard bars relief under Rule 60(b)(4) in situations where jurisdiction has never been fully and fairly litigated, and thus subject to principles of res judicata, then a party would be unable to assert lack of jurisdiction by declining to appear. This cannot be the law. *See Insurance Corp. of Ireland*, 456 U.S. at 702 n.9 (noting that principles of res judicata apply to both personal and subject matter jurisdiction). We thus conclude that the "clear usurpation standard" for vacating an order affirming an arbitration award only applies in circumstances in which the parties have had their day in court on the issue of jurisdiction such that re-litigation of the issue is barred by principles of res judicata.

Our prior cases are consistent with this rule. In *Marshall*, for instance, we rejected the argument that a final judgment should be vacated due to lack of jurisdiction, but we did so by relying on the Supreme Court's decision in *Chicot County Drainage Dist. v. Baxter State Bank*, which, in turn, relied on the res judicata effect of a final judgment.

*Marshall*, 575 F.2d at 423 (citing *Chicot*, 308 U.S. 371, 374-78 (1940)). In other words, one of the reasons there was no clear usurpation of authority in *Marshall* was that the parties had appeared and litigated the issue of jurisdiction. This conclusion is consistent with the results reached in other circuits. *See United States v. Tittjung*, 235 F.3d 330, 342 (7th Cir. 2000) (concluding that there was no clear usurpation of authority when the issue of jurisdiction had been litigated); *Nemaizer v. Baker*, 793 F.2d 58, 64 (2d Cir. 1986) (declining to vacate a judgment when principles of res judicata barred a collateral attack on a court's jurisdiction).

Banrisul was not given the opportunity to fully and fairly litigate the issue of subject matter jurisdiction—prerequisites to res judicata, *see* Restatement (Second) of Judgments § 26(1)(c)—because it relied on precedent allowing it to assert its defense by failing to appear and then collaterally attacking any resulting judgment. *See Budget Blinds*, 536 F.3d at 259; *Verlinden B.V. v. Cent. Bank of Nig.*, 461 U.S. 480, 493 n.20 (1983) ("[E]ven if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable under the [FSIA]."). The District Court thus committed no error when it conducted its own, *de novo*, analysis as to whether it had jurisdiction and, upon concluding that it did not, vacated the order confirming the arbitration award.

### III.

Relief under Federal Rule of Civil Procedure 60(b) is extraordinary, because courts recognize the importance of the finality of judgments. *See Mayberry v. Maroney*,

7

558 F.2d 1159, 1164 (3d Cir. 1977). However, in circumstances where jurisdiction has never been litigated, principles of res judicata do not apply and a district court's exercise of jurisdiction is reviewed for error. The original District court committed error when it exercised jurisdiction. For all of the foregoing reasons, the District Court's order vacating the order confirming the arbitration award is affirmed.