MUTUAL PRODUCE, INC., Plaintiff,

v.

The PENN CENTRAL TRANSPORTA-
TION CO., et al., Defendants.

Civ. A. No. Various Freight
Damage Cases.

United States District Court,
D. Massachusetts.

Feb. 3, 1988.

Wesley S. Chused, Weiner & Chused,
Boston, Mass., for defendants Southern Pa-
cific Transp. Co., Holton Inter–Urban Ry.
Co., Santa Maria Valley Ry. Co., Stocton
Terminal & Eastern Ry. Co., Sunset Ry.
Co., San Diego & Arizona Ry. Co., and
Northwestern Pacific Ry. Co.

Paul F. Troy, Sherburne, Powers &
Needham, Boston, Mass., for defendant
Florida East Coast Ry. Co.

Alan L. Lewis, Lewis & Lewis, Boston,
Mass., for plaintiff Mut. Produce, Inc.

Frank Infelise, Infelise & Strout, Lynn,
Mass., for plaintiffs Richard Jacobs, John
Cataldo, d/b/a Nat. Freight Service, and
Carl Joseph Maggio.

David W. Walsh, Somerville, Mass., for
defendants Atchinson, Topeka and Santa
Fe Ry. Co., Sunset Ry. Co., and Stocton
Terminal & Eastern Ry. Co.

Norman Richards, Lexington, Mass., for
defendant Florida East Coast Ry. Co.

Richard J. Ferriter, Somerville, Mass.,
Boston & Maine Corp., Office of Gen.
Counsel, North Billerica, Mass., for defend-
ant Boston & Maine Co.

Weld S. Henshaw, Choate, Hall & Stew-
art, Boston, Mass., for defendant Sea
Board Coastline Ry. Co.

Daniel J. Gleason, Nutter, McClennen &
Fish, Boston, Mass., for defendant Penn
Cent. Corp.

Paul F. Ware, Jr., Goodwin, Proctor &
Hoar, Boston, Mass., for defendant Consol.
Rail Corp.

Morris M. Goldings, Mahoney, Hawkes &
Goldings, Boston, Mass., for plaintiffs Roy-
al Packing Co., Carl Joseph Maggio, John
M. Cataldo d/b/a Nat. Freight Traffic Ser-
vice.

## MEMORANDUM

TAURO, District Judge.

Three petitioners ("intervenors") move to
intervene as plaintiffs in approximately 600
freight claims disputes. Intervenors were
owners or freight claims agents of the pro-
duce which is the subject matter of the
underlying 600 cases.[1] The produce was
received by the named plaintiff, Mutual

---

1. Royal Packing Co. and Carl Joseph Maggio are
the owners or joint owners of several rail ship-
ments which are the subject of numerous com-
plaints filed in this court. John M. Cataldo,
d/b/a National Freight Traffic Service, acted as
freight claims agent on behalf of various ship-
pers who are owners or joint owners of several
rail shipments which are the subject of numer-
ous complaints filed in this court.

Produce, and was shipped by the defendant, Penn Central.

The original complaints in some 3,000 cases, including those subject to the instant motions to intervene, were filed between 1972 and 1978. In 1981, all the cases were administratively closed for lack of action over a twelve month period. On September 14, 1987, the original plaintiffs and defendants, in the 600 actions subject to the instant motions, filed stipulations voluntarily dismissing the actions, pursuant to Fed.R.Civ.P. 41(a)(1)(ii). Having learned of the plaintiff's intention to dismiss these actions, the intervenors moved to intervene on September 10, 1987. Intervenors did not, however, move for a restraining order seeking a stay of the stipulations of dismissal.

The matter was assigned to me by Chief Judge Freedman in September, 1987. Hearings were held on October 23, 1987 and on December 14, 1987.

## I.

▪ Fed.R.Civ.P. 41(a)(1)(ii) authorizes the voluntary dismissal of a lawsuit through the filing of "a stipulation of dismissal signed by all parties who have appeared in the action." Fed.R.Civ.P. 41(a)(1) states that an action may be dismissed in this fashion "by the plaintiff without order of [the] court." In other words, once the parties file their stipulations of dismissal, they become effective without any action by the court. *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir.1984) ("Caselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval.")

The intervenors claim that at the time the stipulations of dismissal were filed, they "were parties within a fair reading of the rule", and that a stipulation of dismissal would not be proper unless they, too, signed it. In support, the intervenors cite

several cases in which original plaintiffs were not allowed to dismiss their cases, because doing so would prejudice another party.

These cases, however, involved *unilateral* attempts to dismiss under Rule 41(a)(1)(*i*). Under Rule 41(a)(1)(*i*), once the issue has been joined, the plaintiff may not *unilaterally* dismiss the action, and a motion to intervene joins the issue. *See* 5 MOORE'S FEDERAL PRACTICE § 41.02[3], 41 26–27 (1987) (once the issue has been joined, "a plaintiff may not dismiss as of right after the filing of a petition for intervention which tendered justiciable issues.") But, as defendants correctly point out, cases interpreting unilateral dismissals under Rule 41(a)(1)(i) are inapposite. The intervenors have cited no cases to support their argument that a motion to intervene will stay a stipulation to dismiss under Rule 41(a)(1)(ii) that has been executed by all named parties.

▪ Defendants argue that the intervenors could not be considered "parties" until their motions to intervene had been granted. As the motion to intervene has yet to be allowed, and no stay order was sought, defendants maintain that the stipulations of dismissal were effective without the consent of the intervenors. This court agrees.

Here, the plaintiffs and defendants together have sought to dismiss their cases under Fed.R.Civ.P. 41(a)(1)(ii), which permits all parties to an action to agree to a dismissal without further action by the court. Intervenors were not named parties when plaintiffs and defendants filed their stipulations of dismissal, nor did their filing of a motion to intervene give them party status. Indeed, motions to intervene are not granted automatically, nor does their filing constitute an automatic stay. Rather, the moving party must satisfy the court that it has met the four elements required for a motion to intervene to be granted.[2] The stipulations of dismissal were docketed

---

**2.** The moving party must show: (1) the application to intervene is timely made; (2) it has an interest in the action relating to the property which is the subject matter of the litigation; (3)

it is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) its interest is not adequately represented by existing

and became effective before that process had an opportunity to take place. The intervenors, therefore, were not "parties who have appeared in the action." *See District of Columbia v. Merit Systems Protection Bd.*, 762 F.2d 129, 132 (D.C.Cir.1985) ("Intervenors under Rule 24(a)(2) ... are normally treated as if they were original parties *once intervention is granted.*") (emphasis added).

Because the stipulations of dismissal were effective when filed, there is no action in which to intervene and the motions to intervene are moot. *See Nance v. Jackson*, 56 F.R.D. 463, 471 (M.D.Ala.1972) (court dismissed action pursuant to Rule 41(a)(2) stating, "[a]n alternative ground for denying the petition to intervene is that, by virtue of this Court's disposition *infra*, of plaintiff[s'] motion for voluntary dismissal, there is no justiciable action pending in which to intervene.")

An order will issue.

### ORDER

For the reasons set forth in the accompanying memorandum, the *Petitioners to Intervene's* motions to intervene are denied.

It is so ordered.

parties. Fed.R.Civ.P. 24(a). This court need not reach the issue of whether the intervenors have satisfied these requirements because the stipulations of dismissal render the motions to intervene moot.