808 A.2d 173

UFJ BANK LIMITED, A JAPANESE CORPORATION, PLAINTIFF, v. J & A INTERNATIONAL CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT.

Superior Court of New Jersey
Chancery Division

May 15, 2002.

---

*Michael S. Meisel* (*Cole, Schotz, Meisel, Forman & Leonard,* attorneys) and *Allen B. Cooper* (*Ervin, Cohen & Jessup, LLP,* attorneys) for plaintiff.

*Frederick W. Rose,* for defendant (*Cooper, Rose & English, LLP,* attorneys).

*Frank Holahan* for proposed intervenor Bamm International Corp. (*Harwood Lloyd, LLC,* attorneys).

FISHER, P.J.Ch.

Before the court is an issue of first impression—does the mere filing of a motion to intervene constitute an "appearance" which requires the proposed intervenor's consent to a voluntary dismissal of the action?

On January 29, 2002, Bamm International Corp. ("Bamm") filed a specific performance action in the Chancery Division, Bergen County,[1] claiming to be the contract purchaser of the stock of J & A International Corporation ("J & A"). J & A owns the Bamm Hollow Golf and Country Club ("the golf course") in Lincroft, New Jersey. Soon thereafter, UFJ Bank Limited ("the Bank") commenced an action in this court against J & A seeking to impose an equitable lien on the golf course.

The Bank, upon the filing of its action, sought a restraint on J & A's transfer or hypothecation of its property, including the golf course. On March 12, 2002, the court, after a conference in Chambers, entered an order to show cause returnable March 28, 2002. The matter was adjourned to a later date while the Bank and J & A explored settlement. In the meantime, Bamm moved to intervene in the Bank's action.

Prior to the return date of Bamm's intervention motion, counsel for J & A submitted a proposed consent order which would, if entered, place the Bank's action at a stand-still pending settlement negotiations then occurring in Japan. During a conference call, counsel for the parties in both actions discussed whether the consent order could, or should, be entered without Bamm's consent (since Bamm was then, as now, only a party seeking to intervene and not a party who has been allowed to intervene) or whether the motion to intervene should or should not be granted notwithstanding. Since no accommodation could then be reached,

---

[1] *Bamm International Corp. v. J & A International Corporation, Fairfield Corporation, and Motoko Hayashi,* Docket No. BER–C–38–02. This action was transferred to Monmouth County on March 22, 2002 and assigned Docket No. MON–C–94–02.

the motion to intervene remained on the calendar and the question of whether the consent order could, or should, be entered without Bamm's consent was carried with it. Counsel and the court also then discussed the return date of the motion, since counsel for J & A had a personal commitment prohibiting him from being in court on the return date of May 10. The waiver of oral argument was discussed but because Bamm demanded to be heard on the return date, the court and the parties agreed the motion would be scheduled for May 15, 2002.

On May 14, 2002, counsel for J & A submitted a pleading entitled "Stipulation of Dismissal without Prejudice Pursuant to R.4:37–1." The stipulation was executed by counsel for the Bank and J & A. The cover letter from counsel for J & A stated "[w]e therefore assume that the hearing scheduled on Bamm's Motion [to intervene] for tomorrow will be canceled as moot." Notwithstanding, counsel for Bamm appeared alone in court on May 15 on his motion to intervene. Other counsel were contacted and appeared by telephone, and argument was heard not only on the motion to intervene but also the question of whether the submission of the stipulation of dismissal barred any further action in this case.

■ R.4:37–1 indicates that an action may be voluntarily dismissed "by filing a stipulation of dismissal specifying the claim or claims being dismissed, signed by all parties *who have appeared in the action*" (emphasis added). Bamm's counsel has not signed the stipulation, but, unless it can be said that he has "appeared in the action," he does not have the right to bar the effect of the stipulation by withholding his signature. In other words, the issue to be decided is whether a party who has only moved to intervene has "appeared in the action" prior to the granting of the motion.

■ The matter appears not to have been considered previously by the courts of this State. It is noted, however, that the precise issue was decided in *Mutual Produce, Inc. v. Penn Central Transportation Co.*, 119 *F.R.D.* 619, 620–21 (D.Mass. 1988), where the court described why an undecided motion to

intervene is inconsequential in determining who has standing to object to a voluntary dismissal:

> Here, the plaintiffs and defendants together have sought to dismiss their cases under Fed.R.Civ.P. 41(a)(1)(ii), which permits all parties to an action to agree to a dismissal without further action by the court. Intervenors were not named parties when plaintiffs and defendants filed their stipulations of dismissal, nor did their filing of a motion to intervene give them party status. Indeed, motions to intervene are not granted automatically, nor does their filing constitute an automatic stay. Rather, the moving party must satisfy the court that it has met the four elements required for a motion to intervene to be granted. The stipulations of dismissal were docketed and became effective before that process had an opportunity to take place. The intervenors, therefore, were not. "parties who have appeared in the action." *See District of Columbia v. Merit Systems Protection Bd.*, 762 *F.*2d 129, 132 (D.C.Cir.1985) ("Intervenors under Rule 24(a)(2) ... are normally treated as if they were original parties once intervention is granted.")
>
> Because the stipulations of dismissal were effective when filed, there is no action in which to intervene and the motions to intervene are moot.

This court is persuaded by the logic of the federal district court in *Mutual Produce* that the same result should follow here.

While it is noteworthy that our own court rules define those who have standing to complain of a stipulation of dismissal as those who have "appeared"—yet nowhere define what that means—the court is satisfied that the approach of the *Mutual Produce* court, which analyzed rules essentially identical to the rules which govern this court, should be followed. *See, Baumann v. Marinaro*, 95 *N.J.* 380, 390, 471 *A.*2d 395 (1984). *Mutual Produce* represents a common sense resolution of the issue.

While such a result might not be warranted if prejudice would otherwise inure to the proposed intervenor, such is not the case here. Here, the stipulation of dismissal causes no discernible prejudice because it adjudicates nothing. For example, in seeking to intervene, Bamm was not attempting to assert any affirmative claim. Rather, the proposed pleading submitted by Bamm pursuant to *R.*4:33–3 contains only responses to the allegations of the complaint and various affirmative defenses; no counterclaim or cross-claim was included. Since the stipulation of dismissal causes only the extinguishing of the claims to which Bamm sought to respond, there can be no prejudice to Bamm in prohibiting the

matter from being dismissed before Bamm had the opportunity to intervene. And, to the extent that Bamm might in the future assert claims against any of the parties to the Bank's action, it has the ability to seek leave to file an amended pleading in its own pending action, which leave, of course, pursuant to our rules, would ordinarily be freely granted in the interest of justice. *R.*4:9–1; *Kernan v. One Washington Park,* 154 *N.J.* 437, 456–57, 713 *A.*2d 411 (1998).

Bamm lastly argues that its motion to intervene would have been heard at an earlier time but for the request of J & A's counsel for a brief adjournment due to a personal commitment. That is, the return date of the motion to intervene was adjourned from May 10, 2002 to May 15, 2002 due to J & A's counsel's unavailability on May 10 (and the stipulation of dismissal was submitted on May 14, 2002). Bamm contends that in the ordinary course its motion would have been heard and potentially granted *prior* to the filing of the stipulation of dismissal; if so, he could have stood in the way of the stipulation of dismissal because he would then have been "appearing in the action." Courts might very well be empowered to enter an order *nunc pro tunc,* causing its rulings to be effective on an earlier date, if militated by appropriate circumstances.[2] However, because the court can see no way in which Bamm would be prejudiced by the stipulation of dismissal, this point need not be reached.

The motion to intervene will be denied.

---

[2] It should be emphasized that the court has not the slightest doubt about the *bona fides* of J & A's counsel's request for a brief adjournment. There is no reason to believe that the adjournment was sought in order to provide the parties time to execute and file the stipulation of dismissal in the brief intervening period. Indeed, as has been pointed out, the motion would not have been adjourned at all if the parties waived oral argument—something which only Bamm did not wish to do.