**GMAC COMMERCIAL MORTGAGE CORPORATION Plaintiff,**

v.

**LASALLE BANK NATIONAL ASSOCIATION Defendants.**

**No. 02 CIV. 9614(RMB).**

United States District Court, S.D. New York.

March 4, 2003.

priate schedule or at the least on the issues

See, also, 242 F.Supp.2d 279.

H. Peter Haveles, Esq., Cadwalder, Wichersham & Taft, LLP, New York City, for plaintiff.

Roy L. Reardon, Esq., Simpson, Thacer, Bartlett, LLP, New York City, for defendant.

### ORDER

BERMAN, District Judge.

The application by ORIX Capital Markets, LLC ("ORIX"), as set forth in Mr. Yudell's letter, dated February 27, 2003, for the Court, *inter alia,* to vacate the parties' stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), dated February 27, 2003, is respectfully denied for two principal reasons:

*First,* there is no "case or controversy" pending in light of the dismissal. *See Mut. Produce, Inc. v. Penn Cent. Transp. Co.,* 119 F.R.D. 619, 620–21 (D.Mass.1988)(denying motion to intervene because stipulation of dismissal under Rule 41(a)(1)(ii) was effective immediately upon filing, without any action by the court; there was no justiciable action pending in which to intervene); 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.34[4][b], at 41–113 (3d ed. 2000)("A stipulation [under Fed.R.Civ.P. 41(a)(1)(ii)] filed during the pendency of a motion to intervene is effective to dismiss the action, since the proposed intervenors do not become parties within the meaning of the Rule until their motion is granted."); *accord Hester Indus.,*

which must be resolved by the Court.

*Inc. v. Tyson Foods, Inc.,* 160 F.3d 911, 916 (2d Cir.1998)(adopting cases that hold that dismissal under Rule 41(a)(1)(ii) is effective automatically and does not require judicial approval); *Steiner v. Atochem, S.A.,* 89 CIV. 7990, 2002 WL 1870322, at *4 (S.D.N.Y. Aug.13, 2002)(citing cases that hold that voluntary dismissal moots all pending motions); Fed.R.Civ.P. 41(a)(1)(ii)("[A]n action may be dismissed by the plaintiff without order of court by filing a stipulation of dismissal signed by all parties who have appeared in the action.").

*Second,* there is no prejudice to ORIX resulting from the dismissal. *See* Letter from Counsel for Defendant LaSalle Bank, National Association to U.S.D.C. for the S.D.N.Y., dated Mar. 3, 2003, at 1 ("[T]he Stipulation of Dismissal signed by GMACCM and LaSalle, the only parties to the pending action, has no effect and was intended to have no effect in terms of prejudicing any individual rights ORIX may have as an investor, including those alleged in the counterclaims of ORIX against GMACCM."); Letter from Counsel for Plaintiff GMAC Commercial Mortgage Corp. to U.S.D.C. for the S.D.N.Y., dated Mar. 3, 2003, at 2 ("[T]he Stipulation between the parties does not prejudice ORIX and does not affect ORIX's ability to pursue any alleged claims that it purports to have against GMACCM.... The dismissal of the action ... does not address ORIX's proposed counterclaims, and ORIX is therefore not impaired."); *see also Alternative Research & Dev. Found. v. Veneman,* 262 F.3d 406, 411 (D.C.Cir.2001)(holding that stipulated dismissal did not impair proposed intervenor's rights).

### Order

For the foregoing reasons, the clerk is respectfully requested to close this case.