RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 24a0004p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

JONATHAN MOSES; LIBERTY WELLNESS, LLC,

*Plaintiffs-Appellees*,

*v.*

CITY OF PERRY, MICHIGAN,

*Defendant*,

120 WEST LLC dba Local Roots Cannabis Company,

*Proposed Intervenor-Appellant*.

No. 23-1262

───────────────

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:22-cv-12472—Paul D. Borman, District Judge.

Argued: October 27, 2023

Decided and Filed: January 4, 2024

Before: WHITE, STRANCH, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Jeffrey Barker, BARKFORD LEGAL PLC, Lansing, Michigan, for Appellant. Anderson J. Grandstaff, Ypsilanti, Michigan, for Appellees. **ON BRIEF:** Jeffrey Barker, BARKFORD LEGAL PLC, Lansing, Michigan, for Appellant. Anderson J. Grandstaff, Ypsilanti, Michigan, for Appellees.

———————————

**OPINION**

———————————

NALBANDIAN, Circuit Judge.    Plaintiffs-Appellees Liberty Wellness, LLC and Jonathan Moses sued the City of Perry, Michigan, because the City refused to implement a voter-approved marijuana facility licensing scheme.  Appellant Local Roots Cannabis Company moved to intervene because it had applied for and received a license under the City's alternative licensing regime.  But Liberty Wellness and the City settled their dispute and filed a stipulated dismissal before the court ruled on the intervention motion.  The parties dismissed the action with prejudice but provided that the district court retained jurisdiction to enforce their settlement agreement.  The district court effectively denied Local Roots's motion to intervene as moot given the settlement and dismissal.  We agree that the motion was moot and AFFIRM.

**I.**

On November 2, 2021, voters of the City of Perry approved an amendment to the city charter.  The amendment allowed for eight marijuana facility licenses and regulated license applications.  Liberty Wellness submitted two applications in compliance with the amendment in November 2021 and then resubmitted them in July 2022.  But the City returned the applications to Liberty Wellness.

The Perry City Council was less welcoming of marijuana facilities.  In a July letter, the City's attorney told Liberty Wellness that the amendment was "unlawful," and the City would not enact it.  R. 4, Am. Compl., pp. 12–13, PageID 286–87.  On September 1, 2022, the City Council enacted ordinances that provided for a single marijuana facility.  The City opened up an application process under the ordinances in the fall of 2022 and awarded a conditional marijuana retailer license to the only applicant, Local Roots.

Liberty Wellness and Jonathan Moses sued the City of Perry in October 2022.  Their amended complaint sought declaratory relief that the 2021 amendment was "valid" and "binding."  *Id.* at 31, PageID 305.  Moses argued that the City violated his "right to engage in

direct democracy" as a voter.  *Id.* at 21, PageID 295.  Liberty Wellness wanted to operate marijuana establishments in line with the 2021 amendment.

Local Roots moved to intervene on February 9, 2023.  Local Roots claims it did so mere "days" after learning that the original parties were negotiating a settlement.  Appellant Br. at 13.  The district court ordered the original parties to respond to the motion by March 10.

Instead, the original parties settled and dismissed the case before that deadline.  On March 3, the district court ordered that "[u]pon the immediate formal filing of a Notice of Settlement or submittal of a proposed Stipulated Order of Dismissal, the current Motion to Intervene (ECF No. 14) will be mooted."  R. 18, Order.  That same day, the City filed an answer, the original parties filed a stipulation of dismissal with prejudice, and the district court signed an order dismissing the case with prejudice.  Neither the stipulation nor the district court's order provided a way to reopen the case or undo the dismissal.

The district court retained jurisdiction to enforce the terms of the settlement agreement for three years at the parties' request.  Among other things, the settlement agreement required the City to "enact such ordinances and take such other actions as are necessary to allow an additional conditional marijuana retailer license to be awarded to Liberty."  R. 20, Dismissal, p. 6, PageID 378.  The parties stipulated to bar any lawsuits by Plaintiffs against the City arising from the ordinances or the 2021 amendment but not "an action brought by a party to enforce the terms of this Stipulation and Order, and/or to enforce the terms of the Settlement Agreement."  *Id.* at 2, PageID 374.

Local Roots appealed on March 16 "from the orders effectively denying its Motion to Intervene and dismissing the case entered on March 3, 2023."  R. 23, Notice of Appeal.

**II.**

Before proceeding, we ensure we have appellate jurisdiction.  A district court's denial of intervention as of right is appealable.  *Ams. United for Separation of Church & State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990).  This court "treat[s] any order of a district court as a denial of an application to intervene that has the same effect on the intervenor's

interest as would an outright denial." *Id.* The district court did not explicitly deny the motion to intervene. But its Order stated that the motion to intervene "will be mooted" upon the "submittal of a proposed Stipulated Order of Dismissal." R. 18, Order. That same day, the original parties filed a stipulation of dismissal, and the district court itself dismissed the case.[1] It was clear that the district court considered the motion moot. The orders had the same effect as an outright denial. So Local Roots can appeal them.

### III.

Local Roots makes two arguments: (1) the stipulation of dismissal was invalid because Local Roots did not consent to it, and (2) the motion to intervene was not moot because the district court retained jurisdiction to enforce the settlement agreement. We address them in turn. This court reviews mootness issues de novo. *Sullivan v. Benningfield*, 920 F.3d 401, 407 (6th Cir. 2019).

### A.

An invalid stipulation of dismissal cannot moot a pending motion to intervene.[2] Local Roots argues the stipulation was invalid because Local Roots did not sign it. A plaintiff may unilaterally dismiss an action only "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Otherwise, "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). The City did file an answer, so Liberty Wellness could not dismiss the case without the consent of all "parties" who had "appeared." The City consented to the dismissal; Local Roots did not.

---

[1]The district court's separate order was unnecessary to dismiss the case. "Rule 41(a)(1)(A)(ii) orders, generally speaking, are 'self-executing' and do 'not require judicial approval.'" *Exact Software N. Am., Inc. v. DeMoisey*, 718 F.3d 535, 540 (6th Cir. 2013) (quoting *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997)).

[2]Local Roots's attack on the stipulation of dismissal could be considered an appeal of the judgment. A nonparty normally cannot appeal a judgment unless it intervenes. *Fidel v. Farley*, 534 F.3d 508, 512 (6th Cir. 2008); *United States v. 1308 Selby Lane*, 675 F. App'x 546, 547–48 (6th Cir. 2017). But here, the merits question is wrapped up in the mootness issue. The district court thought the stipulation of dismissal mooted the intervention motion. So this court needs to address the stipulation's validity to rule on mootness.

But a nonparty does not become a "party" under Rule 41 as soon as it moves to intervene. "[W]hen the term [to intervene] is used in reference to legal proceedings, it covers the right of one to interpose in, *or become a party to*, a proceeding already instituted." *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (second alteration in original) (quoting *Rocca v. Thompson*, 223 U.S. 317, 330 (1912)).  So a nonparty does not become a party until the district court grants the motion to intervene. *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 687 (9th Cir. 2016) (citing *Eisenstein*, 556 U.S. at 933).[3]

The text of the Federal Rules of Civil Procedure is consistent with this understanding of the term "party."  Rule 24, which addresses intervention, uses "existing parties," "original parties," and "parties" interchangeably, and as a different category from proposed intervenors. For intervention of right, "existing parties" must not adequately represent the proposed intervenor's interest.  Fed. R. Civ. P. 24(a)(2).  For permissive intervention, the court must consider prejudice to "the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  And would-be intervenors must serve their motion to intervene on "the parties."  Fed. R. Civ. P. 24(c).  That same rule refers to the proposed intervenor as "the movant" or "anyone."  Fed. R. Civ. P. 24(a)–(b).

Rule 7.1, concerning disclosure statements, also treats "parties" as separate from those seeking to intervene.  Rule 7.1(a)(2) requires "a party or intervenor" in a diversity action to file a specific disclosure statement.  And Rule 7.1(b) requires "[a] party, intervenor, or proposed intervenor" to file its disclosure statement at certain times.  The rule's language would be superfluous if "parties" by default included proposed intervenors.  *See Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 716 (6th Cir. 2006).

Finally, this court's caselaw supports the same result.  In one unpublished case, the original parties stipulated to dismissal while a motion to intervene was pending, just as in this case. *Salem Pointe Capital, LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 704 (6th Cir. 2021).

---

[3]*Moore's Federal Practice* similarly says, "[a] stipulation filed during the pendency of a motion to intervene is effective to dismiss the action, because the proposed intervenors do not become parties within the meaning of the Rule until their motion is granted."  8 James Wm. Moore et al., *Moore's Federal Practice* § 41.34[4][b] (Lexis 2023) (citing *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 620 (D. Mass. 1988)).

We found the motion moot and cited a case holding that "proposed intervenors do not become parties within the meaning of the Rule until their motion is granted." *Id.* at 705 (quoting *In re Irish Bank Resol. Corp.*, No. 13–12159, 2014 WL 1884916, at *3 (Bankr. D. Del. May 12, 2014)).[4]

Local Roots cites no case to support its position. Instead, it cites the Eastern District of Michigan Local Rules to say that an attorney appears by "filing a pleading or other paper" in a matter. Appellant Br. at 9 (citing E.D. Mich. LR 83.25(a)). Local Roots argues that it filed "other papers" when it moved to intervene, so it was a party that had appeared. *Id.* But local rules vary from district to district and do not govern how we interpret the Federal Rules of Civil Procedure. *Cf. Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991) (stating that local rules cannot conflict with the Federal Rules).[5]

The stipulation of dismissal was valid. Local Roots was not a party because the district court had not yet granted its motion to intervene. Local Roots therefore did not have to sign the stipulation for it to be effective.

**B.**

If the stipulation of dismissal was valid, the issue is whether it mooted Local Roots's motion to intervene. A stipulation of dismissal does not strip the district court of all jurisdiction. The district court retains jurisdiction to hear motions under Rule 60(b), or motions regarding collateral issues like "costs, attorneys' fees, contempt charges, or sanctions." *Salem Pointe*, 854 F. App'x at 704 & n.16. But Local Roots invokes none of those bases for jurisdiction.

---

[4]An earlier case allowed "*putative* parties"—i.e., proposed intervenors—to move to reopen when the district court's conditional dismissal order said *parties* could reopen the case. *Midwest Realty Mgmt. Co. v. City of Beavercreek*, 93 F. App'x 782, 785 (6th Cir. 2004) (per curiam). But *Midwest Realty* was applying a district court's order, not the text of Rule 41. And, as discussed, intervening Supreme Court precedent cuts against reading the rule that way.

[5]Local Roots also cites Federal Rule of Civil Procedure 7, which says that "[a] request for a court order must be made by motion" and that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." Fed. R. Civ. P. 7(b). Rule 7 does not imply that Local Roots became a party simply because it filed a motion.

Instead, Local Roots argues the dismissal was not final under *Midwest Realty Management Co. v. City of Beavercreek*, 93 F. App'x 782 (6th Cir. 2004) (per curiam). *Midwest Realty* involved a "conditional dismissal order." *Id.* at 785. A conditional dismissal order lets a party move to reopen within a set time if a condition occurs, and it does not become final "until the time to satisfy the condition expires." *Id.* In *Midwest Realty*, for example, parties could move to reopen if a settlement agreement was not finalized by a certain date. *Id.* at 784. Such an order effectively makes dismissal contingent on a "condition subsequent." *See Salem Pointe*, 854 F. App'x at 706.

Conditional dismissal is different from retaining ancillary jurisdiction to enforce a settlement agreement, which a district court may do under *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Even though the district court in *Midwest Realty* also retained jurisdiction to enforce the settlement agreement, we found the "limits of jurisdiction retained post-judgment" were irrelevant and a separate issue from conditional dismissal. 93 F. App'x at 785–86. The Supreme Court has similarly said that enforcement of the settlement agreement is a different remedy from the "mere[] reopening of the dismissed suit." *Kokkonen*, 511 U.S. at 378. And parties can enforce a settlement by filing a new complaint, without ever reopening the dismissed case. *See 202 N. Monroe, LLC v. Sower*, 850 F.3d 265, 270–71 (6th Cir. 2017).

Here, the district court did not issue a conditional dismissal order. Consistent with *Kokkonen*, the stipulation specifically permitted a new lawsuit "brought by a party . . . to enforce the terms of the Settlement Agreement," and the district court retained jurisdiction to enforce the settlement. R. 20, Dismissal, pp. 2–3, PageID 374–75. But unlike the order in *Midwest Realty*, neither the stipulation nor the court's order identified a condition subsequent that could reopen the whole case and prevent the dismissal from taking effect. The parties dismissed the action with prejudice. And nothing suggests that the dismissal lacks full effect until the district court's ancillary jurisdiction expires in 2026.

In other words, the original parties stipulated to a final dismissal that was effective immediately, not a conditional dismissal that became effective only later. The district court retained jurisdiction only to enforce the settlement agreement, which Local Roots does not

invoke.  The dismissal therefore mooted Local Roots's motion to intervene.  *See Salem Pointe*, 854 F. App'x at 704.

## IV.

The judgment of the district court is AFFIRMED.