Edwards, Senior Circuit Judge, concurring:
*517 I join the opinion of the court in full. As Judge Srinivasan cogently explains, Sinochem International Co. Ltd. v. Malaysia International Shipping Corp ., 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007), confirms that the rule of priority the Supreme Court announced in Steel Co. v. Citizens for a Better Environment , 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), extends to personal jurisdiction.
I write separately to express my concern over two decisions of this court- Kramer v. Gates , 481 F.3d 788 (D.C. Cir. 2007), and Chalabi v. Hashemite Kingdom of Jordan , 543 F.3d 725 (D.C. Cir. 2008) -that appear to interpret Steel Co. 's rule that a court must resolve jurisdictional issues prior to reaching the merits to apply only to "those primary issues related to Article III jurisdiction." Kramer , 481 F.3d at 791 ; see also Chalabi , 543 F.3d at 728 ("Steel Co. requires that we prioritize the jurisdictional issue only when the existence of Article III jurisdiction is in doubt ...."). Our decision today properly distinguishes Chalabi and Kramer . Nevertheless, I think it is important to point out that Chalabi and Kramer , and the authorities on which they rely, do not follow the core principles that we have applied in reaching judgment in this case.
The references to "Article III jurisdiction" in the Chalabi and Kramer decisions seem to be limited to case-and-controversy requirements under Article III (e.g. , standing and mootness), as distinguished from questions relating to "statutory jurisdiction" (e.g. , jurisdictional time limits). Thus, in Kramer , we held that "issues related to ... a statutory limit (even one classified as jurisdictional for many purposes)" are not primary under Steel Co. 481 F.3d at 791 ; see also Chalabi (stating that "[t]here is no Article III question here: [the plaintiff's claim] concerns only the limits of our statutory jurisdiction under the ... Act"). The judgments in these cases appear to be correct when viewed with reference to the law extant at the time when the decisions were issued. The law has evolved, however, so I doubt that we can now say that a lack of statutory jurisdiction need not be a barrier to deciding issues on the merits.
Conceptually, this is unsurprising. Under Article III, jurisdiction is limited both by the bounds of the "judicial power" as articulated in Article III, § 2, and by the extent to which Congress has vested that power in the lower courts, see U.S. CONST . art. III, § 1. The distinction between statutory limitations on subject-matter jurisdiction and other Article III jurisdictional limitations is tenuous, as both limitations arise from Article III.
It is true that the Supreme Court has, at times, discussed the requirements of subject-matter jurisdiction in a manner that separates statutory authorization from constitutional authorization. See, e.g. , Bender v. Williamsport Area Sch. Dist. , 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); Exxon Mobil Corp. v. Allapattah Servs., Inc. , 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ("[Courts] possess only that power authorized by Constitution and statute."). But this merely highlights that both requirements exist; it does not intimate that the requirements delineated in a statutory grant of jurisdiction are any less a constraint on courts' power than the requirements described directly in the Constitution.
In any event, the Kramer / Chalabi interpretation of Steel Co. appears to conflict with current Supreme Court precedent.
*518 That precedent indicates that the existence of statutory subject-matter jurisdiction, like other jurisdictional requirements, must be established before a court may reach an issue on the merits. The Court has not distinguished between statutory and Article III subject-matter jurisdiction for this purpose. The Court makes this point clear in Sinochem :
[ Steel Co. ] clarified that a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction). Without jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case.
While Steel Co. confirmed that jurisdictional questions ordinarily must precede merits determinations in dispositional order, Ruhrgas held that there is no mandatory sequencing of jurisdictional issues. In appropriate circumstances, Ruhrgas decided, a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction.
Both Steel Co. and Ruhrgas recognized that a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits. Dismissal short of reaching the merits means that the court will not proceed at all to an adjudication of the cause.
549 U.S. at 430-31, 127 S.Ct. 1184 (citations and internal quotation marks omitted). The Court's citation to Ruhrgas AG v. Marathon Oil Co. , 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999), is significant. In that case, the lower court failed to decide a statutory jurisdiction issue before addressing personal jurisdiction. Id. at 580-81, 119 S.Ct. 1563. In holding that there is no mandatory ordering of jurisdictional issues, the Court clearly treated the issue of whether a claim fits within a statutory grant of subject-matter jurisdiction as being covered by the Steel Co. rule of priority.
Thus, under Steel Co. , a court without jurisdiction lacks "power to adjudicate the case" and, thus, may not act to decide the merits of the case. See 523 U.S. at 89, 118 S.Ct. 1003. This principle applies equally whether jurisdiction is lacking because there is no case or controversy, or because Congress has declined to grant a lower court jurisdiction over a category of cases. Just as a plaintiff's lack of standing deprives the court of power to say what the law is, so too does Congress's decision to withhold power from the court. See Ex parte McCardle , 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").
It is a bit of an aside, but not insignificant, that the Court's decision in Sinochem also expanded upon Steel Co. 's observation that there is no "absolute purity" in the rule that jurisdiction is always an antecedent question. Steel Co. , 523 U.S. at 101, 118 S.Ct. 1003. In fleshing out this point, Sinochem holds that forum non conveniens -a nonjurisdictional issue-can be decided prior to matters of jurisdiction. The Court explained that
[a] forum non conveniens dismissal denies audience to a case on the merits; it is a determination that the merits should be adjudicated elsewhere. ... A district court therefore may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant.
549 U.S. at 432, 127 S.Ct. 1184 (citations and internal quotation marks omitted). The *519 Court held that "a district court has discretion to respond at once to a ... forum non conveniens plea, and need not take up first any other threshold objection [such as] ... whether it has authority to adjudicate the cause." Id . at 425, 127 S.Ct. 1184.
No one would contend that forum non conveniens constitutes a jurisdictional ground for dismissal. Indeed, the Sinochem decision refers to a district court's "discretion to" dismiss pursuant to the doctrine. Sinochem thus firmly establishes that certain non-merits, nonjurisdictional issues may be addressed preliminarily, because [j]urisdiction is vital only if the court proposes to issue a judgment on the merits.
Pub. Citizen v. U.S. Dist. Court for D.C. , 486 F.3d 1342, 1348 (D.C. Cir. 2007) (citations and some quotation marks omitted).
It is unclear whether there is any meaningful symmetry between "non-merits, nonjurisdictional" and "jurisdictional" grounds for dismissal. Judgments on forum non conveniens , for example, are reviewed pursuant to a deferential abuse of discretion standard, Piper Aircraft Co. v. Reyno , 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), whereas judgments on jurisdictional issues are reviewed de novo , Mwani v. bin Laden , 417 F.3d 1, 6 (D.C. Cir. 2005). And district court judges are not obliged to decide non-merits, nonjurisdictional issues such as forum non conveniens before addressing the merits. Therefore, if one assumes that Steel Co. deals solely with jurisdiction limitations, then forum non conveniens and other non-merits, nonjurisdictional issues can be viewed as an exception to Steel Co. 's rule of priority.
In addition, there are some "non-merits threshold ground[s] for dismissal" that have the attributes of jurisdictional issues. Pub. Citizen , 486 F.3d at 1348-49 (pondering whether dismissal pursuant to the enrolled bill rule enunciated in Marshall Field & Co. v. Clark , 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892), is a "jurisdictional bar"). It is unclear whether these issues should be treated as "jurisdictional" or "non-merits, nonjurisdictional" issues. The difference is that a court cannot proceed to the merits if there are jurisdictional issues to be addressed; however, a court need not address non-merits, nonjurisdictional issues before deciding the merits.
The Steel Co. rule is thus now best understood to require the federal courts to decide jurisdictional issues first before reaching the merits, unless dismissal is based on a threshold non-merits, nonjurisdictional ground. See Sinochem , 549 U.S. at 432, 127 S.Ct. 1184. And, as the Court explained in Sinochem , there is no priority given to "Article III jurisdiction" over "statutory jurisdiction." Id. at 430-31, 127 S.Ct. 1184. Indeed, a court may decide a non-merits, nonjurisdictional issue before a jurisdictional issue if it will dispose of the case. This current state of the law does not fit with the Kramer / Chalabi interpretation of Steel Co.
There is one final point worth mentioning with regard to the Kramer / Chalabi application of Steel Co. Both Kramer and Chalabi relied on a footnote in Steel Co. that they say "explicitly recognized the propriety of addressing the merits where doing so made it possible to avoid a doubtful issue of statutory jurisdiction." Kramer , 481 F.3d at 791 ; Chalabi , 543 F.3d at 728. There are two problems with this analysis. First, the footnote in Steel Co. that is cited by Kramer and Chalabi discusses "statutory standing," not "statutory jurisdiction." Steel Co. , 523 U.S. at 97 & n.2, 118 S.Ct. 1003. And, as the Court explained in Steel Co. , "statutory standing" is quite different from "statutory jurisdiction." See id. at 91-92, 118 S.Ct. 1003 (discussing statutory standing and statutory jurisdiction). "Statutory standing," as the term was used in Steel Co. , and other *520 cases, concerned a party's cause of action, not the court's jurisdiction.
Second, in Lexmark International, Inc. v. Static Control Components, Inc. , 572 U.S. 118, 134 S.Ct. 1377, 188 L.Ed.2d 392 (2014), the Court clarified the law in explaining that "statutory standing," which was formerly associated with the question as to whether a plaintiff's claim fell within a statute's "zone of interests," is a misnomer. "Statutory standing," the Court explained, is a "misleading" reference to cause of action, and "cause of action" "does not implicate subject-matter jurisdiction." Id. at 1387 n.4. Because "statutory standing" issues are not jurisdictional at all, they obviously fall outside of the Steel Co. rule of priority for jurisdictional issues. Again, this current state of the law cannot be squared with the Kramer / Chalabi understanding of Steel Co. and the rule of priority emanating from that decision.
It may be that Kramer and Chalabi intended only to differentiate between types of "statutory jurisdiction" issues, drawing a line between those that must be decided first, such as federal question or diversity jurisdiction, and those that need not, such as waivers of sovereign immunity under a specific statute. See Kramer , 481 F.3d at 791 (skipping over sovereign immunity issue); Chalabi , 543 F.3d at 728 (skipping over foreign sovereign immunity issue). But see FDIC v. Meyer , 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("Sovereign immunity is jurisdictional in nature."). And it may be that for reasons specific to the issues in those cases, their outcomes can be squared with the case law described above. But at the very least, the court's language interpreting Steel Co. appears to run head on into Supreme Court precedent. At an appropriate opportunity, the court should consider whether, in light of Sinochem and Lexmark , the Kramer / Chalabi distinction between statutory and Article III jurisdictional issues can be sustained.