**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2510

_____

WILLIAM STEPHEN SCHOBER,
Appellant

v.

LEO BERNARD SCHOBER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-01511)
Magistrate Judge:  Honorable Cynthia Reed Eddy (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2019

Before: CHAGARES, BIBAS and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 24, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant William Schober, proceeding pro se, appeals from an order dismissing his complaint for lack of subject matter jurisdiction. For the reasons that follow, we will affirm.

In 1995, William Schober ("William") bought a house in Pittsburgh, Pennsylvania for $4,000.[1][2] Then he left the country and lived abroad for over a decade. In 2008, William tried to sell the house to Ralph Lyle for $4,000, but the sale fell through. It appears that William failed to maintain the house and to pay property taxes, that a meth lab was built in the house, and that the City of Pittsburgh demolished it in 2012. William returned to the United States in January 2017 and filed a police report, alleging that personal property that he stored in the house—which he valued at $25,000—had been stolen. On November 29, 2017, William filed a complaint in Magisterial Court against Ralph Lyle, Chris Lyle, Don Lyle, Frank Olszewski, and Keith Olszewski, all Pennsylvania residents, alleging that these defendants had stolen all of the property from his home and seeking a judgment against them of $12,000.

In November 2017, William also filed a complaint and then an amended complaint against Leo Schober ("Leo"), alleging that Leo had received William's stolen property and that this had caused the city to demolish William's house. William alleged damages

---

[1] Because the parties have the same last name, the Court will refer to them by their first names as a way to eliminate confusion.

[2] These facts are drawn from William's complaint and the evidence that the parties submitted concerning the amount-in-controversy issue. Courts are not limited to the complaint and may consider other evidence in deciding an amount-in-controversy dispute. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

of $25,000 for stolen furniture, $51,000 for other movable property, $50,000 for the house, and $20,000 for pain and suffering.

Leo moved to dismiss the amended complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that there was no federal diversity jurisdiction, because it would be impossible, to a legal certainty, for William to recover the amount of money in controversy required under 28 U.S.C. § 1332. Leo also moved to dismiss under Rule 12(b)(6), alleging that William's complaint was both insufficient and barred by the statute of limitations. The parties consented to proceed before a Magistrate Judge. See 28 U.S.C. § 636(c). The Magistrate Judge granted the motion to dismiss, concluding, inter alia, that the amount in controversy did not meet the minimum jurisdictional amount. William appeals.[3]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the Magistrate Judge's jurisdictional determination de novo. See Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010). To the extent that the Magistrate Judge made factual findings in determining jurisdiction, we review for clear error. Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008). We will not disturb the factual findings of the Magistrate Judge "unless we are left with the definite and firm conviction that a mistake has been committed." Id. (citation omitted).

Diversity jurisdiction requires that the controversy be between citizens of different states and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332(a)(1).

_____

[3] He also presents a motion to compel discovery.

In cases like this one, where there are factual disputes, a court resolves the disputes under the preponderance of the evidence standard, with the burden resting on the party alleging jurisdiction. See Frederico v. Home Depot, 507 F.3d 188, 196 (3d Cir. 2007); see also Judon v. Travelers Prop. Cas. Co. of Am., 773 F.3d 495, 501 & n.4 (3d Cir. 2014). After the court makes findings of fact, it must apply the "legal certainty" test for jurisdiction. See Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 398 (3d Cir. 2004); see also Frederico, 507 F.3d at 196. Under the legal certainty test, a case may be dismissed for failure to meet the amount in controversy requirement if it appears to a "legal certainty" that the claim is for less than the jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938); Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999). Such dismissal may be appropriate where the facts indicate that a plaintiff claimed certain damages merely to obtain federal court jurisdiction, or where the court determines that no reasonable jury could award that amount. See Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015); Charles A. Wright, et al., Federal Practice and Procedure, 14AA Fed. Prac. & Proc. Juris. §§ 3702, 3713.

We discern no error in the Magistrate Judge's application of these standards. First, the Magistrate Judge did not accept William's claim that he was entitled to damages of $76,000 for stolen furniture and other movable property. The Magistrate Judge noted that the evidence revealed that William had left the home and contents unattended for decades, that he had previously sought damages for only $12,000 in state court and did not provide any reason why his damages should be higher in federal court, and that common sense and logic suggested that William's damages claim was

4

unrealistic.  The Magistrate Judge did not err in this respect.  See Arnold v. Troccoli, 344 F.2d 842, 846 (2d Cir. 1965); Dozier v. Ford Motor Co., 702 F.2d 1189, 1193 & n.8 (D.C. Cir. 1983).

The Magistrate Judge also determined that the allegations and the evidence did not support William's claimed damages for the value of his house.  William alleged that his house was demolished because all of his possessions had been removed, but he also claimed that it was Ralph Lyle—not a named defendant—who removed his possessions.  By William's own allegations, Leo did not gain possession of these items until years after the house had been torn down.  See dkt. #24 at 4.  Given that, the Magistrate Judge correctly concluded that William could not obtain damages in this action for the loss of his house.  See Nelson v. Keefer, 451 F.2d 289, 297-98 (3d Cir. 1971); Samuel-Bassett, 357 F.3d at 403 (stating that estimates of amounts recoverable should not be fanciful or "pie-in-the-sky" amounts).

Based on these conclusions—and irrespective of whether Pennsylvania law would permit William to recover pain and suffering damages for purely economic loss—the Magistrate Judge did not err in ruling that, to a legal certainty, William could not recover the jurisdictional amount.  The Magistrate Judge therefore correctly dismissed the complaint for lack of jurisdiction.[4]

---

[4] Because the Magistrate Judge was correct in holding that she did not have subject-matter jurisdiction, she properly dismissed the complaint.  Therefore, we need not address the Magistrate Judge's alternative conclusion that the complaint was barred by the statute of limitations.  See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to

For the foregoing reasons, we will affirm the District Court's judgment.[5]

---

the court is that of announcing the fact and dismissing the cause." (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868)).

[5] William's motion to compel discovery is denied.