# In the United States Court of Federal Claims

No. 22-223C
(Filed: September 12, 2022)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JUSTIN PAUL DREILING, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Plaintiff Justin Paul Dreiling — proceeding *pro se* — seeks an injunction directing the Food and Drug Administration to disclose certain information about COVID-19 vaccines. *See* Compl. at 4 (ECF 1). The government has moved to dismiss. *See* Def.'s Mot. to Dismiss (ECF 6); Pl.'s Resp. (ECF 7); Def.'s Reply (ECF 8). The motion is **GRANTED**, and the case is **DISMISSED**.

Plaintiff's Complaint faces "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but it still must meet this Court's mandatory jurisdictional requirements, *Harris v. United States*, 113 Fed. Cl. 290, 292 (2013); *accord Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The burden is on Plaintiff to establish jurisdiction. *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013).

The Tucker Act gives this Court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Plaintiff argues — creatively — that the text is not limited to *money* judgments, and that this Court's jurisdiction therefore extends to his claim for injunctive relief. Pl.'s Resp. at 1–4. But that argument has been foreclosed by the Supreme Court for nearly a century and a half. *United States v. King*, 395 U.S. 1, 3 (1969); *Glidden Co. v. Zdanok*, 370 U.S. 530, 557 (1962) (plurality); *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *United States*

*v. Jones*, 131 U.S. 1 (1889); *see also Kanemoto v. Reno*, 41 F.3d 641, 645 (Fed. Cir. 1994).

The parties disagree over whether Plaintiff needs to submit a request under the Freedom of Information Act ("FOIA") before he can pursue his claims in court. Def.'s Mot. to Dismiss at 7–9; Pl.'s Resp. at 4–6; Def.'s Reply at 3–4. Because this Court lacks jurisdiction, I do not reach that issue. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514 (1868)). At any rate, even if Plaintiff is correct that a regulation requires disclosure without a FOIA request, attempts to "compel agency action unlawfully withheld or unreasonably delayed" arise under the Administrative Procedure Act, *see* 5 U.S.C. § 706(1), and are outside this Court's jurisdiction. *Smalls v. United States*, 87 Fed. Cl. 300, 308 (2009) (collecting cases).

For the foregoing reasons, the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.").

The Clerk is directed to enter judgment accordingly.


**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge